STATE OF INDIANA, ACTING BY AND THROUGH ITS DEPARTMENT OF REVENUE, GROSS INCOME TAX DIVISION *v.* BETHEL SANITARIUM, INC., AN INDIANA CORPORATION.

[No. 1-774A108. Filed August 19, 1975.]

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellant.

*Howard P. Trockman, James F. Flynn, Trockman, Flynn, Swain & Tyler,* of Evansville, for appellee.

LOWDERMILK, J.—The State of Indiana, Department of Revenue, Gross Income Tax Division (State) brings this appeal from the trial court's determination that appellee, Bethel Sanitarium, Inc., (Bethel) was entitled to a tax refund for the gross income taxes it paid to the State as a result of an erroneous tax assessment. The trial court found that Bethel qualified for an exemption because it was a "hospital" within the meaning of IC 1971, 6-2-1-7 (Burns Code Ed.) which read, prior to the 1971 amendments, in pertinent part as follows:

> "There shall be excepted from the gross income under this Act: . . .
> (i) Amounts received by institutions, trusts, groups and bodies organized and operated exclusively for religious, charitable, scientific, fraternal, educational, social and/or civic purposes and not for private benefit, as contributions, tuition fees, initiation fees, matriculation fees, membership fees, and earnings on, or receipts from sales of, intangible property owned by them: Provided, however, that gross income received by churches . . . hospitals . . . or any corporation organized and operated solely for the benefit

of any of the same . . . none of the foregoing being organized or operated for private profit, shall be excepted from taxation under the provisions of this act . . ."

Judgment was duly entered for Bethel, and the State perfected this appeal.

Bethel was organized as a not-for-profit corporation in 1949. The State did not make an assessment of gross income taxes for any year prior to 1965. In July, 1971, the State assessed Bethel $34,853.98 for gross income tax due for the years 1965 through 1969. Bethel paid the tax, but then filed this action to obtain a refund. The trial court found for Bethel, and granted the refund.

On appeal, the State contends that the trial court erred in its finding that Bethel was a hospital within the statutory meaning of that term. It is the State's contention that the term "hospital" as used in the exemption statute is specifically defined in IC 1971, 16-10-1-6 (Burns Code Ed.) That section, prior to the recent amendments, provided:

" 'Hospital' defined — Authority of council. — 'Hospital' within the meaning of this act . . . shall be defined to be any institution, place, building, or agency represented and held out to the general public as ready, willing and able to furnish care, accommodation, facilities, and equipment, for the use, in connection with the services of a physician, of persons who may be suffering from deformity, injury, or disease, or from any other condition, for which medical or surgical services would be appropriate for care, diagnosis or treatment. The term 'hospital' as used in this act does not include convalescent homes, boarding-homes, or homes for the aged; nor does it include any hospital or institution specially intended for use in the diagnosis, care and treatment of those suffering from mental illness, mental retardation, convulsive disorders, or other abnormal mental conditions; nor does it include offices of physicians where patients are not regularly kept as bed patients. The council shall have the authority to determine whether or not any institution or agency comes within the scope of this act, and its decisions in that regard shall be subject only to such rights of review as the courts exercise with respect to administrative actions. It shall be unlawful for any institution, place, building, or agency, to be called a hospital which is not a hospital as defined in this section."

It is admitted that Bethel does not meet the licensing requirements of that chapter, although Bethel is now licensed under that same article as a health facility (nursing home, home for the aged, et cetera.) *See* IC 1971, 16-10-2-3 (Burns Code Ed.).

The State contends that from this definition, it is clear that Bethel is not eligible for an income tax exemption. The State points out that while the tax laws in general are strictly construed against the State, *Gross Income Tax Division* v. *L.S. Ayres & Co.* (1954), 233 Ind. 194, 118 N.E.2d 480; *Gross Income Tax Division* v. *Surface Combustion Corp.* (1953), 232 Ind. 100, 111 N.E.2d 50, there is an exception to the rule when an exemption is involved. All exemption statutes must be strictly construed in favor of the tax and against the one seeking the exemption. *Indiana Dept. of State Revenue* v. *Boswell Oil Co.* (1971), 148 Ind. App. 569, 268 N.E.2d 303; *Storen* v. *Jasper County Farm Bureau Co-op. Ass'n.* (1936), 103 Ind. App. 77, 2 N.E.2d 432. Further, the exemption statute in force at the time here relevant provided that no gross income was to be excluded except as specifically set out in the statute.

The difficulty presented by the State's contention is that the definition they rely on is not contained within the Tax Code, but rather, is in the Health and Hospital Code, and is limited by its own terms to the chapter on hospital licensing and regulation. The State would have us apply this very narrow definition of "hospital" to a completely different area of the law, even though it admits in its brief that the State does not license for income tax purposes. We are bound by the express limitation contained within the above definitional statute, and thus cannot rely on it in construing this exemption statute.

The word "hospital" is not defined in the exemption statute, and thus must be defined by this court for the purpose of determining if this institution is entitled to an exemption. While the statute should be construed against the one claiming the exemption, the evident

intention of a statute should not be defeated because such a statute is required to be strictly construed. *Greenbush Cemetery Association* v. *Van Natta* (1911), 49 Ind. App. 192, 94 N.E. 899. We believe the Legislature intended that an institution like Bethel should be included within the definition of "hospital", as used in a general sense and as such should be exempt from taxation.

IC 1971, 1-1-4-1 (Burns Code Ed.) provides, in part:

> "The construction of all statutes of this state shall be by the following rules, unless such construction be plainly repugnant to the intent of the legislature or of the context of the same statute:

> First. Words and phrases shall be taken in their plain, or ordinary and usual, sense. But technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import."

Here, "hospital" is not used in a technical sense, but rather in a general sense. Thus it should be given its plain, ordinary and usual meaning. The ordinary and usual meaning of the term "hospital," as opposed to various specialized meanings, is that a hospital is an institution for the reception and care of sick, wounded, infirm, or aged persons. *Black's Law Dictionary* 871 (4th ed. 1951) ; *Noble* v. *First National Bank of Anniston* (1941), 241 Ala. 85, 1 So.2d 289. *See also* 41 C.J.S. *Hospitals* § 1 (1944).

The trial court found that Bethel met this definition, and the evidence was adequate to sustain its finding of fact in this regard. The sufficiency of the evidence will not be weighed on appeal. *Phar-Crest Land Corp.* v. *Therber* (1969), 251 Ind. 674, 244 N.E.2d 644.

In *Washington Fidelity Nat. Ins. Co.* v. *Smith* (1935, Tex. App.), 80 S.W.2d 413, an insured was confined to a sanitarium. It was held that he was entitled to recover on a health insurance policy which required that the insured be confined in an incorporated or licensed hospital, since a "sanitarium" is a "hospital."

In a case that comes closest to the present problem, the North Dakota Supreme Court held that an exemption for hospitals contained within the Labor-Management Relations Act of North Dakota also exempted nursing homes from the coverage of the act. In *St. Vincent's Nursing Home* v. *Department of Labor* (1969), 169 N.W.2d 456, 457, the court held:

> "In order to determine whether the Legislative Assembly in 1961 had some idea of using the word 'hospital' in a limited manner, we have examined all of the available committee and other reports as they relate to the consideration and enactment of this law. We have found nothing to indicate that anyone had any intention of limiting the exclusion to hospitals giving medical or surgical care to sick and injured persons, as now contended for by the defendants. Had that been the intention, it would have been a very simple matter to have said so. But the Legislature deliberately used the word 'hospital' without in any way limiting or restricting its meaning.
>
> The Act expressly provides that a hospital, if no part of its net earnings inures to the benefit of any private shareholder or individual, shall be excluded from its coverage, and that such institution shall not be considered an 'employer' under its provisions. We hold that a nursing home which is licensed by the State Department of Health as a hospital or related medical institution, and which operates a modern, well-equipped facility and offers many of the services which are rendered by a medical hospital, is a 'hospital' under the provisions of Section 34-12-01(2), North Dakota Century Code, and that such nursing home is not an 'employer' under the terms of that Act."

. We believe that by applying the same reasoning to the case at bar, that the term "hospital" was used in the exemption statute in its usual and ordinary sense, and not in a narrow or limited way as the State here contends.

Further support for this conclusion can be found in the subsequent amendments to the exemption statute. While an expression of opinion by a subsequent legislature as to the proper construction of a statute is of no judicial force, yet in cases of doubt such construction is entitled to respectful consideration, and may be given some weight by the courts. *Taylor* v. *State ex rel. Ogle*

(1907), 168 Ind. 294, 80 N.E. 849; *Armstrong* v. *State ex rel. Klaus* (1918), 72 Ind. App. 303, 120 N.E. 717; *Greenbush Cemetery Association* v. *Van Natta, supra.*

The exemption statute set out above was completely revised in 1971, and further minor changes were made in 1974. The statute now reads:

"6-2-1-7 [64-2606]. Exemptions.—There shall be excepted from the gross income taxable under this chapter

\* \* \*

(i) (1) Amounts received by institutions, trusts, groups, united funds and their affiliated agencies, organizations and not-for-profit corporations and cemetery associations organized and operated exclusively for religious, charitable, scientific, literary, educational and/or civic purposes, no part of the gross income of which is used for the private benefit or gain of any member, trustee, shareholder, employee or associate thereof; Provided That the term 'private benefit or gain' shall not include reasonable compensation paid to employees for work or services actually performed.
(2) \* \* \*
(3) Amounts received by hospitals licensed by the Indiana state board of health, labor unions, churches, monasteries, convents, and schools which are a part of the public school system of Indiana or are regularly maintained as parochial schools by recognized religious denominations, or any trust created for the purpose of paying pensions to members of any particular profession or business who have created the trust for the purpose of paying pensions to each other, none of the foregoing being organized or operated for private profit or gain." IC 1971, 6-2-1-7 (Burns Code Ed., 1974 Supp.)

Two points should be noted about the present statute. First, Bethel is clearly exempt from taxation under subsection (1). Second, subsection (3) now exempts "hospitals licensed by the Indiana state board of health." In light of the previous statute, it would seem that the Legislature has decided to change the meaning of the term "hospital" from its ordinary definition to a specific technical definition, i.e., one licensed by the State as a hospital.

The natural conclusion is that the Legislature narrowed the meaning of the term "hospital" in the exemption statute,

but at the same time, intended that the exemptions should continue for certain types of entities that were entitled to exemptions before the change was made. The exemption rights of those other entities are now more narrowly defined in subsection (1) of the statute. Bethel clearly falls within that new subsection. Thus, any ambiguity that was presented in the old statute has now been clarified by the Legislature in favor of Bethel.

Even if we were to hold that Bethel was not a hospital within the meaning of the exemption statute, we would still find that Bethel is exempt from taxation inasmuch as it is a corporation organized and operated solely for the benefit of the Seventh Day Adventist Church. The trial court made the following finding of fact:

"4. That the income of the plaintiff is designed and solely used for the benefit of the Seventh Day Adventist Church and the aged and infirm persons for whom medical and nursing care and services are rendered in connection with the facilities of Bethel Sanitarium, Incorporated."

The State contends that the above finding of fact by the trial court is not sufficient to uphold the exemption, inasmuch as the finding itself states that the income of Bethel was used for the Church *and* for the "aged and infirm persons for whom medical and nursing care and services are rendered in connection with the facilities of Bethel Sanitarium, Incorporated," and thus was not used "solely" for the benefit of the church.

We believe the phrase "organized and operated solely for the benefit" of the church refers to financial benefit. Incidental charitable benefits that are extended by the corporation while fulfilling its charitable purposes are not within the scope of the requirement. It would make no sense to allow a charitable organization such as a church or hospital to receive income tax free from a corporation that was purely profit-oriented, and at the same time to tax income that is received from a corporation that is itself performing chari-

table works. Those are the very types of corporations that churches and hospitals are most likely to own.

Here, the Seventh Day Adventist Church owned Bethel, and Bethel was organized and operated solely for the financial benefit of the church. While incidental benefits flowed to the patients of Bethel, they were not of such a character as to deprive Bethel of the tax exemption. *See, State Board of Tax Comm.* v. *Wright* (1966), 139 Ind. App. 370, 215 N.E.2d 57.

We hold that the trial court was not in error when it found that Bethel was entitled to an exemption under the gross income tax act.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 332 N.E.2d 808.