**PARK 100 DEVELOPMENT CO.,**
**Plaintiff-Appellant,**

v.

**INDIANA DEPT. OF STATE REVENUE,**
**Defendant-Appellee.**

**No. 1–578A133.**

Court of Appeals of Indiana,
First District.

April 24, 1979.

Rehearing Denied May 15, 1979.

William M. Evans, Robert P. Kassing, Indianapolis, for plaintiff-appellant; Bose & Evans, Indianapolis, William H. Wehrle, Martinsville, of counsel.

Theodore L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for defendant-appellee.

ROBERTSON, Judge.

Plaintiff-appellant Park 100 Development Company (Park 100) is a partnership engaged in the development and management of an industrial park. It has three partners: John Rosebrough, an individual; Duke Development Company, a partnership; and, Waldemar-Gary Development Company (Waldemar), a partnership. None of these three partners is a corporation; however, Waldemar is comprised of two partners and both are corporations.

Pursuant to Ind.Code 6–3–7–1, defendant-appellee, the Indiana Department of State Revenue (Department) assessed a corporation tax liability against Park 100 for 1973 and 1974.

IC 6–3–7–1 provides:

(a) Except as otherwise provided in subsection (b) of this section, any person subject to this article, any corporation which is exempt from adjusted gross income tax under IC 6–3–2–3(b), and any partnership shall not be liable for any tax on gross income received subsequent to June 30, 1963, as imposed by sections 2 and 3 of IC 6–2–1 [6–2–1–2, 6–2–1–3]. However, in the event the tax imposed by this article is held inapplicable or invalid with respect to any person, or the shareholders of any such corporation, or the partners of any such partnership, then such person or such corporation or such partnership shall be liable for the tax on gross income as imposed by said sections 2 and 3 of IC 6–2–1 [6–2–1–2, 6–2–1–3] for the taxable periods with respect to which the tax under this article is held inapplicable or invalid.

(b) Every partnership of which one or more of the partners is a corporation shall be liable for the tax imposed by sections 2 and 3 of IC 6–2–1 [6–2–1–2, 6–2–1–3] and by this article. No partner of such partnership shall be liable for the tax imposed on the partner's distributive share of the partnership income by IC 6–2–1 [6–2–1–1—6–2–1–53] or this article.

Park 100 protested the tax assessment, made payment, and thereafter, in accordance with the law, filed its claim for refund of taxes paid, stating that the assessment was based upon an erroneous interpretation of the tax-levying statute, IC 6–3–7–1(b). The Department denied Park 100's protest of the Notice of Tax Due and its Claim for Refund. The trial court found for the Department after a hearing on Park 100's complaint to recover judgment in the amount of taxes and interest paid.

Park 100 filed a timely motion to correct errors and a timely praecipe. This appeal results.

We reverse.

Park 100 presents the following issue for our review: whether IC 6–3–7–1(b) applies to a partnership that has as a partner a separate partnership consisting of two corporations.

The trial court stated in its conclusion of law No. 7 that "any partnership which has as a partner a separate partnership involving a corporation" is taxable at corporate gross income tax rates, pursuant to the provisions of IC 6–3–7–1(b). Such an interpretation, however, is simply contrary to the express meaning of the words of the statute. For the trial court to find that Park 100 is a partnership of which one or more partners is a corporation, instead of a partnership within the general class of partnerships excluded from the scope of the gross income tax by IC 6–3–7–1(b), is an unwarranted and expansive interpretation of the statute.

■ We must rely on the accepted rules of statutory construction to determine the statute's applicability to Park 100. As a general rule of construction, statutory words will be accorded their ordinary significance and commonly accepted meaning. *See Indiana State Department of Revenue v. Bethel San., Inc.,* (1975) Ind.App., 332 N.E.2d 808. In interpreting the Gross Income Tax Act, the court in *Department of Revenue v. Colpaert Realty Corp.,* (1952) 231 Ind. 463, 470, 109 N.E.2d 415, 418–9, stated:

> In construing statutes, words and phrases will be taken in their plain or ordinary and usual sense unless a different purpose is clearly manifest by the statute itself, but technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import.

*See also* IC 1–1–4–1.

■ The Gross Income Tax Act does not manifest any meaning of the word "partner" apart from its normal and ordinary meaning. IC 6–3–1–19(b) defines the term as follows: "The term 'partner' means a member of a partnership." That the meaning of the term cannot be expanded by implying a meaning apart from its ordinary and obvious import was stated in *Department of Treasury v. Muessel,* (1941) 218 Ind. 250, 254–5, 32 N.E.2d 596, 597:

> Unless the transaction comes clearly within one of the provisions of this definition, it cannot be taxed as gross income. It is a settled rule of statutory construction that *statutes levying taxes are not to be extended by implications beyond the clear import of the language used,* in order to enlarge their operation, so as to embrace transactions not specifically pointed out. [Emphasis added.]

Based upon these rules of statutory construction, we do not feel that Park 100 had a corporate partner within the spirit and intent of IC 6–3–7–1(b).

■ Furthermore, IC 6–3–7–1(b) is a tax-levying provision under the Indiana Gross Income Tax Act, as it subjects "partnerships of which one or more of the partners is a corporation" to a gross income tax. Such tax-levying statutes of the Gross Income Tax Act are, in the case of doubt, to be construed against the state and in favor of the taxpayer. *Indiana Department of State Revenue v. Klink,* (1953) 232 Ind. 473, 112 N.E.2d 581. As stated in *Indiana Department of State Revenue v. Boswell Oil Co.,* (1971) 148 Ind.App. 569, 573, 268 N.E.2d 303, 305–6:

> It has . . . been consistently held, . . . ., that in case of doubt as to the meaning or applicability of the Indiana Gross Income Tax Act (the Act), it will be construed against the state and in favor of the taxpayer. In the case under consideration, we are not concerned with an exemption from the Act, and therefore we feel bound to resolve any doubts against the state and for the taxpayer. [Citations omitted.]

*See also Indiana Department of State Revenue v. Convenient Industries of America, Inc.,* (1973) 157 Ind.App. 179, 299 N.E.2d 641; *State Department of Revenue, Inheritance Tax Division v. Estate of Powell,* (1975) Ind.App., 333 N.E.2d 92.

Pursuant to the strict rules of construction under Indiana case law, even if there were ambiguity regarding the meaning of "partner" as used in IC 6–3–7–1(b), such ambiguity would be resolved against the State.

For the above reasons, we find that Park 100 did not have a corporate partner, and the decision of the trial court is therefore reversed.[1]

Reversed.

LYBROOK, P. J., and LOWDERMILK, J., concur.

---

1. Since the filing of briefs in this cause, the Department of State Revenue has proposed the following regulation which, in pertinent part, seems directed to the problem giving rise to this appeal:

> REGULATION 6–3–7–1(b) (010) CORPORATE PARTNERSHIPS
>
> Partnerships with corporate members are subject to Gross and Adjusted Gross Income Tax and Supplemental Net Income Tax. It is irrelevant in determining the taxability of the partnership whether the corporate member is itself subject to tax. For example, the presence of an insurance company, exempt organization, or Subchapter S corporation in a partnership will cause such entity to be taxable under IC 6–3–7–1. *If a corporation is partner in a partnership which itself is partner in a second partnership or joint venture, the latter is also considered to contain a corporate member and be a taxable entity.*

(Our emphasis.) 1 *Ind. Register* 790.

The March 1, 1979, *Indiana Register* reveals that there has been no change in status of the proposed regulation.