INDIANA DEPARTMENT OF REVENUE, Indiana Gross Income Tax Division, Appellant (Defendant Below),

v.

GLENDALE–GLENBROOK ASSOCIATES, A Partnership, Appellee (Plaintiff Below).

No. 1–280A39.

Court of Appeals of Indiana, First District.

May 28, 1980.

Rehearing Denied July 3, 1980.

Theo. L. Sendak, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for appellant.

H. William Irwin, Fred W. Garver, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, John E. Hurt, McNutt, Hurt & Blue, Martinsville, for appellee.

ROBERTSON, Presiding Judge.

This is an appeal from the granting of a refund for gross income taxes alleged to be unlawfully collected. The plaintiff-appellee, Glendale-Glenbrook Associates (taxpay-

er), a partnership of individuals with one corporate partner, Northwestern Mutual Life Insurance Co. (Northwestern), was formed in 1968 for the purpose of developing, owning and leasing shopping center complexes. Ind.Code 6–3–7–1(a) provided then, as it does now, that partnerships are exempt from tax on gross income. However, in 1969, IC 6–3–7–1(b) was enacted, which provided in pertinent part:

> Every partnership of which one or more of the partners is a corporation shall be liable for the tax imposed by Sections 2 and 3 of IC 6–2–1 and by this article.

Although the taxpayer was further exempted through administrative proceedings, in 1976 the appellant-defendant Indiana Department of Revenue, Indiana Gross Income Tax Division (State) changed its position and determined that the taxpayer was not, as of January 1, 1976, exempt from gross income taxation because of IC 6–3–7–1(b). The taxpayer paid the taxes for 1976, 1977, 1978 and part of 1979, as of the trial date below. The taxpayer filed a petition for refund of the taxes paid, which was denied, and the taxpayer brought suit for refund, which was granted by the trial court. The State appeals on two grounds: (1) the statute plainly and unambiguously includes the taxpayer for liability for taxes, and (2) even if the taxpayer prevails, 8% interest should not have been granted for the entire period of overpayment.

We reverse.

The taxpayer's argument, although steeped in logic and equity, ignores the plain reading of the statute. The argument is since Northwestern, by itself, is not liable for gross income taxes under IC 6–2–1–7(k), IC 6–3–2–3(d) and IC 6–3–7–1(a) (an exemption pertaining to insurance companies), that it is not the type of corporation which should trigger an otherwise exempt partnership into tax liability under IC 6–3–7–1(b).

As stated above, the State relies on the simple proposition that the statute is plain and unambiguous and requires no judicial interpretation of legislative intent. *Economy Oil Corp. v. Indiana Department of State Revenue*, (1974) 162 Ind.App. 658, 321 N.E.2d 215. Thus, in the State's view, the statute says if a corporation is a member of a partnership, the partnership is taxed on gross income, regardless of the type of corporation.

The taxpayer counters that the statutory scheme must be examined as a whole in order for the true ambiguity to appear. We fear that the taxpayer confuses ambiguity in the wording of a statute, which requires judicial interpretation of legislative intent, with an apparently incomplete or illogical statutory taxing scheme, which requires a legislative overhaul.

In *Park 100 Development Co. v. Indiana Department of State Revenue*, (1979) Ind. App., 388 N.E.2d 293, we found no ambiguity in the word "partner" and thus, according to well settled rules of statutory construction, took the word in its ordinary, plain and usual sense. Thus, a partnership of three members, one of which is a partnership itself consisting of two corporations, was found not to be liable for taxes under IC 6–3–7–1(b).

We see no inconsistency between our treatment in *Park* and this case. We also apply the plain, usual and ordinary meaning to the word "corporation". The statute does not distinguish types of corporations, and we do not intend to interject such distinctions under the guise of "judicial interpretation."

We thus decline the taxpayer's invitation to make the taxation statutory scheme more consistent or to correct oversights. This is a legislative matter.[1]

Reversed and remanded.

NEAL and RATLIFF, JJ., concur.

---

1. We also note regulation 6–3–7–1(b)(010) which states:

   "It is irrelevant in determining the taxability of the partnership whether the corporate member is itself subject to tax. For example, the presence of an *insurance company*, exempt organization, or Subchapter S corporation in a partnership will cause such entity to

be taxable under IC 6–3–7–1. [Emphasis added.]