**PARK 100 DEVELOPMENT COMPANY,**
**Appellant (Plaintiff below),**

v.

**INDIANA DEPARTMENT OF STATE**
**REVENUE, Appellee**
**(Defendant below).**

No. 1281S360.

Supreme Court of Indiana.

Dec. 21, 1981.

William M. Evans and Robert P. Kassing, Bose & Evans, Indianapolis, William Wehrle, Martinsville, for appellant.

Linley E. Pearson, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

This cause is before us upon the petition to transfer of defendant-appellee, the Indiana Department of State Revenue (Department). The Court of Appeals, First District, reversed a lower court judgment which had affirmed an assessment of a corporation tax liability against Park 100. *Park 100 Development Co. v. Indiana Department of State Revenue*, (1979) Ind. App., 388 N.E.2d 293. We now grant transfer and vacate the opinion of the Court of Appeals. The judgment of the trial court is affirmed.

The evidence was summarized by the Court of Appeals as follows:

"Plaintiff-appellant Park 100 Development Company (Park 100) is a partnership engaged in the development and management of an industrial park. It has three partners: John Rosebrough, an individual; Duke Development Company, a partnership; and Waldemar-Gary Development Company (Waldemar), a partnership. None of these three partners is a corporation; however, Waldemar is comprised of two partners and both are corporations.

"Pursuant to Ind.Code 6–3–7–1, defendant-appellee, the Indiana Department of State Revenue (Department) assessed a corporation tax liability against Park 100 for 1973 and 1974.

"IC 6–3–7–1 [Burns 1978] provides:

"(a) Except as otherwise provided in subsection (b) of this section, any person subject to this article, any corporation which is exempt from adjusted gross income tax under IC 6–3–2–3(b), and any partnership shall not be liable for any tax on gross income received subsequent to June 30, 1963, as imposed by sections 2 and 3 of IC 6–2–1 [6–2–1–2, 6–2–1–3]. However, in the event the tax imposed by this article is held inapplicable or invalid with respect to any person, or the shareholders of any such corporation, or the partners of any such partnership, then such person or such corporation or such partnership shall be liable for the tax on gross income as imposed by said sections 2 and 3 of IC

6–2–1 [6–2–1–2, 6–2–1–3] for the taxable periods with respect to which the tax under this article is held inapplicable or invalid.

"(b) Every partnership of which one or more of the partners is a corporation shall be liable for the tax imposed by sections 2 and 3 of IC 6–2–1 [6–2–1–2, 6–2–1–3] and by this article. No partner of such partnership shall be liable for the tax imposed on the partner's distributive share of the partnership income by IC 6–2–1 [6–2–1–1—6–2–1–53] or this article.

"Park 100 protested the tax assessment, made payment, and thereafter, in accordance with the law, filed its claim for refund of taxes paid, stating that the assessment was based upon an erroneous interpretation of the tax-levying statute, IC 6–3–7–1(b). The Department denied Park 100's protest of the Notice of Tax Due and its Claim for Refund. The trial court found for the Department after a hearing on Park 100's complaint to recover judgment in the amount of taxes and interest paid." *Park 100 v. Indiana Dept. of State Revenue, supra,* 388 N.E.2d at 294.

The trial court found that the corporate income tax was properly assessed against Park 100 since the ultimate beneficial enjoyment of 45% ownership of Park 100 did reside in the two corporate parents of one of the three partners. The court further held that Ind.Code § 6–3–7–1(b), *supra,* is applicable to any partnership which has as a partner a separate partnership involving a corporation.[1]

The Court of Appeals reversed the trial court on two grounds. First, they found that the general rule of statutory construction which holds that statutory words will be accorded their ordinary significance and commonly accepted meaning unless a different purpose is clearly manifest from the statute itself must be applied to the word "partner" in the questioned statute. Thus the structure or substance of the ownership of a partner could not be considered in determining whether a partner qualified for exemption under the statute. Also, the Court found that the general rule that tax-levying statutes are to be construed against the state and in favor of the taxpayer would apply in this case. These rules are valid statements of the law in Indiana. *Indiana Department of State Revenue v. Klink,* (1953) 232 Ind. 473, 112 N.E.2d 581; *Indiana Department of Revenue v. Colpaert Realty Corp.,* (1952) 231 Ind. 463, 109 N.E.2d 415; *Indiana State Department of Revenue v. Bethel San., Inc.,* (1975) 165 Ind.App. 421, 332 N.E.2d 808.

However, these two rules must be applied in conjunction with the basic principle that all statutes should be read where possible to give effect to the intent of the legislature. It is well settled that the foremost objective of the rules of statutory construction is to determine and effect the true intent of the legislature. *Loza v. State,* (1975) 263 Ind. 124, 325 N.E.2d 173; *Thompson v. Thompson,* (1972) 259 Ind. 266, 286 N.E.2d 657; *State v. Gilbert,* (1966) 247 Ind. 544, 219 N.E.2d 892. It is also well settled that the legislative intent as ascertained from an Act as a whole will prevail over the strict literal meaning of any word or term used therein. *State v. George,* (1980) Ind., 401 N.E.2d 680; *Combs v. Cook,* (1958) 238 Ind. 392, 151 N.E.2d 144; *Brown v. Grzeskowiak,* (1951) 230 Ind. 110, 101 N.E.2d 639, 102 N.E.2d 372. When the court is called upon to construe words in a

---

1. Ind.Code § 6–3–7–1, *supra,* was amended in 1981 and now reads as follows:

"*Exemption from gross income tax.*—In the event the tax imposed by IC 6–3–1 through IC 6–3–7 [6–3–1–1—6–3–7–3] is held inapplicable or invalid with respect to any person, or the shareholders of any corporation described in IC 6–3–2–3(b), or the partners of any such partnership, then notwithstanding IC 6–2.1–3–23 or IC 6–2.1–3–24 such person or such corporation or such partnership shall be liable for the tax on gross income as imposed by IC 6–2.1 [6–2.1–1–1—6–2.1–8–10] for the taxable periods with respect to which the tax under IC 6–3–1 through IC 6–3–7 is held inapplicable or invalid." [Effective date April 29, 1981.]

Our opinion is limited to the facts before us under an application of pre-1981 law.

single section of a statute, it must construe them with due regard for all other sections of the act and with due regard for the intent of the legislature in order that the spirit and purpose of the statute be carried out. *Indiana State Highway Commission v. White*, (1973) 259 Ind. 690, 291 N.E.2d 550.

█ A brief study of the history of the Adjusted Gross Income Tax Act, Ind.Code § 6–3–1–1 *et seq.* (Burns 1978), convinces us that the legislature's intention was to levy a corporate income tax on any corporate entity engaged in a business venture, even though it had joined with others in a partnership. When the Act was originally passed in 1963, partnerships were not subject to the tax whereas corporations were subject to the tax. Thus, corporations could avoid corporate taxation of a business venture by simply joining in a partnership with another corporation, individual or partnership. To stop this type of corporate tax evasion, the Indiana General Assembly in 1969 added section (b) to Ind.Code § 6–3–7–1, *supra*. This subsection provided that if one of the partners of a partnership was a corporation, then the partnership itself must pay the greater of the gross or adjusted gross income tax pursuant to Ind. Code §§ 6–2–1–2, 6–2–1–3 (Burns 1978).

█ In the instant case, Park 100 Development Company was taxable as a corporate entity in the year 1972, as one of its partners was a corporation, Park 100, Inc. The principal stockholder in this corporation was another corporation, Waldemar Industries, Inc. In the year 1973, Park 100 Development Co. changed its organization by eliminating the direct corporate partner. This was clearly a change of form only since the new partner was Waldemar-Gary Development Company which was a partnership of two corporations: Waldemar Development, Inc. and Gary-Indianapolis Development Company. The corporation which was the principal stockholder of the corporate partner of the 1972 organization, Waldemar Industries, Inc., was also the principal stockholder of the corporate partner, Waldemar Development, Inc., in the 1973 reorganization. Although a corpora-

tion was no longer a direct partner of Park 100, the corporate partner in the second-tier partnership still retained all the benefits and detriments of ownership of 45% of Park 100. It is clear that the legislature did not intend for a corporation to escape the corporate tax liability indirectly by forming a two-tiered partnership when it did not allow a corporation to escape that liability as a direct or first-tier partner. We cannot hold that form triumphs over substance under these circumstances and allow such an untenable result to follow.

█ It is clear that the intent of the legislature in passing the 1969 amendment, Ind.Code § 6–3–7–1(b), *supra*, was to plug a tax loophole where one corporation who was paying gross income tax might join with another corporation to form a partnership in order to circumvent the tax. *See Indiana Department of Revenue v. Glendale-Glenbrook Associates,* (1981) Ind., 429 N.E.2d 217. We agree with the trial court that this law should not be frustrated by allowing two or more corporations to marshall their assets in a partnership whose purpose is to enter into a second partnership and thereby avoid corporate taxation treatment of the second partnership. Our basic principle of statutory construction in ascertaining the intention of the legislature from the act as a whole is particularly applicable in a case such as this where adherence to the letter of the law would lead to injustice, absurdity or contradictory provisions. *State v. George, supra.*

We agree with the trial court that the partnership of Waldemar-Gary Development Company is a veil by which its two parent corporations, Waldemar Development, Inc. and Gary-Indianapolis Development Company, Inc., attempt to cloak their corporately held interests in Park 100. The Indiana Department of State Revenue was correct in assessing a corporate tax liability upon the income of Park 100 pursuant to Ind.Code § 6–3–7–1(b), *supra.*

For all of the foregoing reasons, transfer is granted, the opinion of the Court of Ap-

peals is vacated, and the judgment of the trial court is in all things affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.