**Doretta M. BENJAMIN, Appellant (Defendant Below),**

**v.**

**STATE of Indiana, Appellee.**

**No. 49A02–8609–CR–341.**

Court of Appeals of Indiana, Second District.

June 18, 1987.

T. Reg Hesselgrave, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Doretta M. Benjamin appeals from a conviction for promoting prostitution, a class C felony.[1]

We affirm.

A prostitution investigation began when a vice officer received two business cards with the name "Dee Haven" (Benjamin) on one and "Patrisha Smith" on the other. The officer telephoned a number on the card in early December, 1985, and spoke with Smith. After informing her that he had seen a Smith and Benjamin performance, the officer asked Smith if she and Benjamin could entertain a few out-of-town business friends. Smith said yes and quoted a price of fifty to sixty dollars each.

The next day, vice officers went to Benjamin's residence in Indianapolis. An agreement as to price and sexual activity was reached. The two women danced, disrobed and were arrested.

At her bench trial, Benjamin testified that she had lived at the residence with her ex-husband. A certified copy of a quitclaim deed giving Benjamin a property interest was introduced. One officer testified that, on the date of the arrest, Benjamin seemed to be "in charge of setting a price." Smith testified that Benjamin set

---

1. Benjamin was also convicted of prostitution, I.C. 35–45–4–2 (Burns Code Ed.Repl.1985), but does not claim error affecting that judgment.

up the parties frequently because the calls came to Benjamin's house.

■ Benjamin's sole argument on appeal is that the statute under which she was convicted, I.C. 35–45–4–4 (Burns Code Ed. Repl.1985), was designed to criminalize activities of third persons promoting prostitution, not that of the prostitute or the patron. Based upon this assumed legislative intent, Benjamin argues that "profiteering" by a non-participating third person must be shown so that promotion is distinguished from simple prostitution. She contends that the evidence did not show that she was "an intended target of the statute." Appellant's Brief at 8.

Indiana Code 35–45–4–4 provides:

"A person who:

(1) Knowingly or intentionally entices or compels another person to become a prostitute;

(2) Knowingly or intentionally procures, or offers or agrees to procure, a person for another person for the purpose of prostitution;

(3) *Having control over the use of a place, knowingly or intentionally permits another person to use the place for prostitution;*

(4) Receives money or other property from a prostitute, without lawful consideration, knowing it was earned in whole or in part from prostitution; or

(5) Knowingly or intentionally conducts or directs another person to a place for the purpose of prostitution;

commits promoting prostitution, a class C felony. However, the offense is a class B felony under subdivision (1) if the person enticed or compelled is under eighteen [18] years of age." (Emphasis supplied).

In support of her contention, Benjamin first points to the Criminal Law Study Commission Comments. The Commission wrote:

"The proposed section creates a comprehensive single crime of promoting prostitution, embracing various acts which, in fact, tend to promote prostitution. *It reaches the conduct of a third party* (for the immediate parties to the act of prostitution are already covered by [I.C. 35–45–4–2 and I.C. 35–45–4–3]), who is acting in collaboration with a prostitute, or who knowingly facilitates or renders help in the practice of prostitution." (Emphasis supplied). *Indiana Penal Code*, Proposed Final Draft, p. 129 (Criminal Law Study Commission 1974).

However, the Commission Comments with respect to subsection (3), the subsection under which Benjamin was convicted, state:

"The proposed clause does not attempt to specify different kinds of places, but employs the term 'any place,' connoting thereby any and every kind of place, be it a house, or apartment, or motel, hotel, rooming house, lodging house, or even a bus.... This covers the conduct of keeping a place of prostitution, as well as allowing a place to be used for the purpose of prostitution.... This fixes the liability on *any person who exercises the control over the place*, regardless of the source of his power. He may be an owner, or the manager, or *anybody, as long as he has the control* over the place." (Emphasis supplied). *Id.*

Thus, in drafting subsection (3), the Commission did not seek to impose the requirements of a *third-party* promoter, plus profit resulting from the prostitution. Rather, a broader scope was intended, one which would encompass all activities which promote prostitution via having control over, and permitting use of, the place where prostitution occurs.

The language of subsection (3) itself supports this conclusion. The key elements under subsection (3) are control of a place, and knowing or intentional consent in its use for prostitution. The subsection does not exclude non-profitable grants of permission, nor does it exclude permission granted by one also engaged in prostitution. Nothing in the statute, either by express statement or implication, supports the construction Benjamin posits.

In any event, Benjamin's argument is unavailing. Our primary task in construing statutes is clear. Words are given their plain, ordinary and usual meaning. *Smith v. State* (1981) 2d Dist.Ind.App., 427 N.E.2d 11, 13. Non-participatory profiteering simply does not appear in the statute's language, and we will not engraft that requirement.

Benjamin maintains that if her interpretation is not adopted, "extreme and inconsistent" results could occur in the penalties attached to acts of prostitution. Prostitution carries class A misdemeanor liability (until a third conviction). I.C. 35–45–4–2 (Burns Code Ed.Repl.1985). Prostitution committed in a place over which the offender had control, however, would carry class C felony liability even for a first offense, Benjamin notes correctly. I.C. 35–45–4–4.[2] The difference in potential penalties is a one-year maximum for a class A misdemeanor versus a five-year presumptive, two-year minimum, eight-year maximum sentence for a class C felony. I.C. 35–50–2–6 (class C felony); I.C. 35–50–3–2 (class A misdemeanor) (Burns Code Ed.Repl. 1985).

 The Legislature has, within constitutional boundaries, the sole authority to attach penalties to crimes. *Bond v. State* (1980) 273 Ind. 233, 236, 403 N.E.2d 812, 816. The "extreme" results to which Benjamin alludes are a matter for the Legislature. Moreover, as stated in *Hall v. State* (1980) 273 Ind. 425, 428, 403 N.E.2d 1382, 1385, "... the legislature has broad latitude in controlling conduct which is deemed dangerous to the general welfare of the community." The Legislature may well have concluded that permitting prostitution in a place over which the prostitute has control represents, on the whole, a more serious harm, in turn justifying a more serious penalty, than simple prostitution.

Once again, Benjamin's argument is unavailing. Regardless of the breadth and seriousness of harm sought to be con-

trolled by the promoting statute, the statute's words are clear.

The judgment is affirmed.

SHIELDS, P.J., and STATON, J., concur.

---

**2.** I.C. 35–45–4–4 may carry class B felony liability under subsection (1) if the person enticed into prostitution is under eighteen years of age.