**STATE of Indiana, Appellant–Plaintiff,**

**v.**

**John HARTMAN, Appellee–Defendant.**

No. 49A02–9110–CR–452.[1]

Court of Appeals of Indiana, First District.

July 2, 1992.

---

**1.** This case was diverted to this office by order of the Chief Judge on June 4, 1992.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellant-plaintiff.

Dennis E. Zahn, James H. Voyles, Indianapolis, for appellee-defendant.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Pursuant to IND.CODE § 35-38-4-2(1), the State of Indiana appeals the grant of John Hartman's motion to dismiss an action charging him with Promoting Prostitution,[2] a Class C felony. We reverse and remand.

## ISSUE

The sole issue on appeal is whether the trial court erred in granting Hartman's motion to dismiss the charge of promoting prostitution.

## FACTS

On September 6, 1988, Richard Truog contacted an escort service to arrange for an "escort" to perform a sexual act. Truog was informed that his "escort" would call him. Hartman, the "escort," called Truog and directed him to Hartman's home, and they engaged in a sexual act. On September 20, 1991, the State filed an information and probable cause affidavit alleging that Hartman promoted prostitu-

2. IND.CODE § 35-45-4-4(5).

tion. The trial court granted Hartman's motion to dismiss finding that the statute was intended to reach the conduct of a third party, and not the immediate parties to the act of prostitution. Record at 35.

## DISCUSSION AND DECISION

Hartman was charged with violating IND.CODE § 35-45-4-4(5). This subsection provides that a person who "knowingly or intentionally conducts or directs another person to a place for the purpose of prostitution commits promoting prostitution[.]" No Indiana cases have dealt previously with this subsection.

In *Benjamin v. State* (1987), Ind.App., 508 N.E.2d 1360, the court considered the argument that I.C. § 35-45-4-4 was designed to criminalize activities of third persons promoting prostitution, not that of the prostitute or the patron. *Id.* at 1361. Benjamin was charged under subsection 3, which provides that a person who "having control over the use of a place, knowingly or intentionally permits another person to use the place for prostitution; ... commits promoting prostitution." The *Benjamin* court determined that subsection 3 was not limited to a third-party promoter who provided the place for another to commit prostitution. *Id.* The court found that the language was broader and encompassed permitting prostitution in a place over which the prostitute has control. *Id.* at 1362.

We follow the reasoning in *Benjamin* and conclude that subsection 5 is not restricted to nonparticipating third persons, but that it includes the prostitute who directs the patron to a place for the purpose of prostitution. In construing subsection 5, we must give the words their plain, ordinary, and usual meaning. *Id.* The language is clear and requires only that 1) a person; 2) knowingly or intentionally conduct or direct; 3) another person; 4) to a place for prostitution. *See* I.C. § 35-45-4-4(5). We will not add a requirement that the person giving the directions be a nonparticipating third party; only the legisla-

ture has that prerogative. If the legislature intended only to include nonparticipating third parties under subsection 5, such change must be made by the legislature.

Lastly, we note that the trial court relied upon *Miller v. State* (1889), 121 Ind. 294, 23 N.E. 94. The reliance upon *Miller* is misplaced because the case considered the forerunner of I.C. § 35-45-4-4(1), which contains clear language requiring a third party. We find *Miller* to be distinguishable from the case at bar which is based upon I.C. § 35-45-4-4(5) that does not contain similar language.

Reversed and remanded.

SHIELDS, J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

The intention of the legislature constitutes the law. *Wedmore v. State* (1954), 233 Ind. 545, 551, 122 N.E.2d 1, 4. Therefore, "[i]n reviewing a statute, our foremost objective is to determine and effect legislative intent." *Spaulding v. Int'l Bakers Serv., Inc.* (1990), Ind., 550 N.E.2d 307, 309.

In my view, this court in *Benjamin v. State* (1987), Ind.App., 508 N.E.2d 1360 and again today ignored this primary rule of statutory construction, leading to a construction of IND.CODE 35-45-4-4 antithetical to the intent of the General Assembly, and raising serious problems under Art. 1, §§ 16 and 18 of the Indiana constitution. I must therefore respectfully dissent from the majority opinion.

Three Indiana statutes proscribe the different aspects of remunerated sexual activity: [1]

**35-45-4-2 Prostitution**

Sec. 2. A person who knowingly or intentionally:

(1) performs, or offers or agrees to perform, sexual intercourse or deviate sexual conduct; or

(2) fondles, or offers or agrees to fondle, the genitals of another person;

for money or other property commits prostitution, a Class A misdemeanor. However, the offense is a Class D felony if the person has two (2) prior convictions under this section.

**35-45-4-3 Patronizing a prostitute**

Sec. 3. A person who knowingly or intentionally pays, or offers or agrees to pay, money or other property to another person;

(1) for having engaged in, or on the understanding that the other person will engage in, sexual intercourse or deviate sexual conduct with the person or with any other person;

(2) for having fondled, or on the understanding that the other person will fondle, the genitals of the person or any other person;

commits patronizing a prostitute, a Class A misdemeanor. However, the offense is a Class D felony if the person has two (2) prior convictions under this section.

**35-45-4-4 Promoting prostitution**

Sec. 4. A person who:

(1) knowingly or intentionally entices or compels another person to become a prostitute;

(2) knowingly or intentionally procures, or offers or agrees to procure, a person for another person for the purpose of prostitution;

(3) having control over the use of a place, knowingly or intentionally permits another person to use the place for prostitution;

(4) receives money or other property from a prostitute, without lawful consideration, knowing it was earned in whole or in part from prostitution; or

(5) knowingly or intentionally conducts or directs another person to a place for the purpose of prostitution;

---

**1.** IND.CODE 35-45-4-1, proscribing public indecency and indecent exposure, IND.CODE 35-45-4-5, proscribing voyeurism, and the crimes set forth in IND.CODE 35-49-3, relating to obscene performances and the distribution of obscene matter, do not address themselves directly to remunerated sexual activity, and thus, have no bearing on this discussion.

commits promoting prostitution, a Class C felony. However, the offense is a Class B felony under subdivision (1) if the person enticed or compelled is under eighteen (18) years of age.

The majority relies on the plain meaning rule to hold subsection 5 of the promoting prostitution statute, IND.CODE 35–45–4–4, is not restricted to nonparticipating third parties to a given act of prostitution. I disagree. In my view, subsection 5 applies only to third party non-participants to a given act of prostitution.

The plain meaning rule of IND.CODE 1–1–4–1(1), "which holds that statutory words will be accorded their ordinary significance and commonly accepted meaning ... *must* be applied in conjunction with the basic principle that all statutes should be read where possible to give effect to the intent of the legislature." *Park 100 Development Co. v. Indiana Dep't of State Revenue* (1981), Ind., 429 N.E.2d 220, 222 (emphasis added).[2] *See also Johnson County Farm Bureau Coop. Assoc. v. Indiana Dep't of Revenue* (1991), Ind. Tax, 568 N.E.2d 578, 583, *aff'd*, Ind., 585 N.E.2d 1336. In determining legislative intent, it is proper to review the drafters' explanations of a statute. *Indiana Aeronautics Comm'n v. Ambassadair, Inc.* (1977), 267 Ind. 137, 368 N.E.2d 1340, *cert. denied sub nom. Four Winds, Inc. v. Indiana Aeronautics Comm'n* (1978), 436 U.S. 905, 98 S.Ct. 2235, 56 L.Ed.2d 403. Moreover, we cannot presume the legislature intended to enact a statute with an absurd result. *State, ex rel. Hatcher v. Lake Superior Court* (1986), Ind., 500 N.E.2d 737.

Here, the clearest expression of the legislature's intent is contained in the comments the Criminal Law Study Commission included in its proposed final draft of the 1976 revision of our penal code. With regard to IND.CODE 35–45–4–4, the Commission stated:

The proposed section creates a comprehensive single crime of promoting prostitution, embracing various acts which, in fact, tend to promote prostitution. *It reaches the conduct of a third party (for the immediate parties to the act of prostitution are already covered by* [I.C. 45–45–4–2 and I.C. 35–45–4–3]), *who is acting in collaboration with a prostitute, or who knowingly facilitates or renders help in the practice of prostitution.*

*Benjamin, supra,* at 1361 (quoting *Indiana Penal Code,* Proposed Final Draft, p. 129 (Criminal Law Study Commission 1974)) (emphasis in original and added).

Although not binding, *see Indiana Aeronautics Comm'n, supra,* these explanations nonetheless strike me as dispositive of intent in this instance because the General Assembly adopted the proposed final drafts of IND.CODE 35–45–4–2, prostitution, 35–45–4–3, patronizing a prostitute, and 35–45–4–4, promoting prostitution, without revision, and more importantly, because a reading of IND. CODE 35–45–4–4 that allows prosecutions like the present one will lead to absurd results.

Imagine the typical portrayal of a prostitution scene. A prostitute standing on a street corner is approached by a potential patron. The two agree to a remunerated sexual act. They have now violated the prostitution and patronizing a prostitute statutes, respectively, and for the purpose of getting convictions for prostitution and patronizing a prostitute, nothing more is needed. In the real world, however, the agreement will probably be consummated. It may be consummated on the spot, in public, but it is far more likely that the prostitute or the patron will "direct" or "conduct" the other to a place with some degree of privacy. In the majority's view, whichever party suggested the place is now subject to liability under subsection 5. Moreover, if the place chosen is one over which either party has control, the party will also be subject to liability under sub-

---

**2.** As stated in IND.CODE 1–1–4–1, "[t]he construction of all statutes of this state shall be by the following rules, *unless such construction is plainly repugnant to the intent of the legislature* or of the context of the same statute ... Words and phrases shall be taken in their plain, or ordinary and usual, sense." (Emphasis added.)

section 3. *Benjamin, supra.*[3] Thus, in two decisions, *Benjamin* and today's, this court has turned the offenses of prostitution and patronizing a prostitute, crimes which carry a three year maximum penalty,[4] into crimes which carry a maximum 19 year penalty.[5]

The crimes set out in Chapter 4 of Article 45 of our penal code are vice crimes, acts which although consensual, offend society's collective sensibilities and morals as expressed by the legislature. Despite the *Benjamin* court's remark that "[t]he legislature may well have concluded that permitting prostitution in a place over which the prostitute had control represents, on the whole, a more serious harm, in turn justifying a more serious penalty, than simple prostitution," *Benjamin* at 1362, I cannot believe the legislature thought collective sensibilities and morals would be less offended by a sexual act in public where the prostitute and the patron meet then by a sexual act in private at the instigation of one of the parties. This leads me to my concerns with the constitutional consequences of today's decision.

More than 20 years ago, in another Marion County prostitution case, Justice Jackson of our supreme court wrote a spirited dissent from the majority's decision affirming two five year sentences for a woman convicted of offering to commit for hire an act of sexual intercourse and an act of sodomy. *Williams v. State* (1970), 254 Ind. 4, 256 N.E.2d 913 (Jackson, J., dissenting). The final point he raised in his dissent was that the two five year sentences were not proportionate to the offense as required by IND. CONST. Art. 1, § 16, and that they were violative of IND. CONST. Art. 1, § 18, which states that our penal code is to be founded principles of rehabilitation, not vindictive justice. *Id.* at 12, 256 N.E.2d at 918. I have the same concerns here.

In no way could I find proportionate a 19 year sentence for a recidivist prostitute who, after agreeing to a remunerated sexual act, and directing the patron to the pros-

---

**3.** In *Benjamin*, the appellant agreed, on behalf of herself and a colleague, to engage in remunerated sexual acts with patrons who were, in fact, undercover police. The appellant invited the "patrons" to her home to consummate the agreement. After the "patrons" arrived, the two women disrobed and were arrested. The appellant was convicted of Class C felony promoting prostitution under subsection 3 of IND.CODE 35–45–4–4, which punishes "[a] person who ... [h]aving control over the use of a place, knowingly or intentionally permits another person to use the place for prostitution."

On appeal, Benjamin argued she stood to gain nothing from her colleague's acts and was therefore not guilty. Correctly finding subsection 3 does not require the third party to make a profit, the court went on to say, in *dicta*, that subsection 3 does not "exclude permission granted by one also engaged in prostitution." *Id.* at 1361. If Benjamin was charged for having allowed her colleague to use her home for prostitution, the holding was correct. If she was charged with having given permission to the "patrons" to use her home with her, the holding was in error, because, as I have said, IND.CODE 35–45–4–4 applies only to third parties.

In any event, however, the court's *dicta* quoted above is the basis for the majority's opinion today that subsection 5 does not require a third party. Just this month, our supreme court reiterated its admonition against excessive reliance on *dicta*. *Egly v. Blackford County Dep't of Pub. Welfare* (1992), Ind., 592 N.E.2d 1232, 1234.

That admonition could hardly be more well-taken than it is here. Subsection 5 of IND. CODE 35–45–4–4 (promoting prostitution) applies only to third parties and the majority's decision to the contrary has compounded the erroneous statements in the *dicta* in *Benjamin*.

**4.** If the defendant prostitute or patron does not have two prior convictions for prostitution or patronizing a prostitute, the offense is a Class A misdemeanor with a maximum sentence of one year. IND.CODE 35–50–3–2. If the defendant is a recidivist, subject to sentencing as a Class D felon, the maximum sentence is three years. IND.CODE 35–50–2–7.

**5.** Class C felonies each carry a maximum eight year sentence. IND.CODE 35–50–2–6. Thus, if, at the prostitute's invitation, the prostitute and the patron go to the prostitute's home and engage in remunerated sexual conduct, the prostitute will be liable for a maximum sentence of 19 years: 3 years for the remunerated sexual act under IND.CODE 35–45–4–2; 8 years for "directing" the patron to the prostitute's own home under IND.CODE 35–45–4–4(5); 8 years for "permitting" the patron to use the prostitute's home for purposes of prostitution with the prostitute under IND.CODE 35–45–4–4(3). Moreover, imposition of the full 19 year sentence would not be prohibited by double jeopardy. *See Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; *Ellis v. State* (1988), Ind., 528 N.E.2d 60.

titute's home or another place over which the prostitute has control, uses the place to consummate the agreement when a recidivist prostitute who consummates the agreement on the spot is subject to a maximum sentence of three years.[6]

To say that a prostitute has become a pimp merely because he or she suggests and/or uses a place over which he or she has control strains the imagination. To say that the penalty for a consensual, albeit illicit, sexual act should be greater than the penalty for recklessly killing two human beings [7] is beyond imagination, and I fail to see any rehabilitative effect in the long sentence in such a circumstance.[8] "Let's go to my place" does not warrant 16 years in prison in any civilized system of justice, and, in my view, our General Assembly has not said otherwise. The majority, however, disagrees, and as Justice Jackson stated, "I am sure Cotton Mather and his fellow witch-hunters will welcome Indiana's joining their blue-nose society." *Id.*

Finally, having relied on Justice Jackson's dissent, I feel obliged to turn to Chief Justice Hunter's majority opinion in *Williams,* as well. In his opinion for the court, Chief Justice Hunter reminded us that there comes a point when we "should not be ignorant as judges of what we know as men" and women. *Id.* at 6, 256 N.E.2d at 914. What we know as men and women, and what the members of the legislature know, is that there are three classes of people involved in prostitution: prostitutes, patrons of prostitutes, and promoters of prostitutes.[9] Not surprisingly, our penal code contains three statutes, one addressed to the acts performed by each of the three classes.

---

**6.** My concerns are the same for patrons as they are for prostitutes.

**7.** Reckless homicide is a Class C felony. IND. CODE 35–42–1–5.

**8.** I do not wish to be misinterpreted. Pimping, the third party promotion of prostitution, is an invidious crime in which the perpetrator makes a bad situation worse, and so we punish the promoter more severely than we do the prostitute or the patron, just as we punish the drug

---

I dissent and vote to affirm the judgment of the trial court dismissing the charge against Hartman.

---

dealer more severely than we do the person who possesses drugs for personal use. *See, e.g.,* IND. CODE 35–48–4–1; 35–48–4–7.

**9.** A prostitute, of course, can act as a promoter of prostitution as well. My reading of IND. CODE 35–45–4–4 is simply that, with regard to any given act of prostitution, one person cannot act as both promoter and either prostitute or patron.