**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**John HARTMAN, Appellee (Defendant Below).**

**No. 49S02–9211–CR–911.**

Supreme Court of Indiana.

Nov. 13, 1992.

Linley E. Pearson, Atty. Gen. of Indiana and Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellant.

Dennis E. Zahn and James H. Voyles, Indianapolis, for appellee.

ON CRIMINAL PETITION
TO TRANSFER

SHEPARD, Chief Justice.

This controversy involves Indiana's prostitution laws, and it is best described in plain English: Can the State use the "pimp" statute to charge a prostitute with a felony for engaging in conduct that is otherwise by definition only a misdemeanor? We hold it cannot.

On September 20, 1990, appellee John Hartman was charged with promoting prostitution, a class C felony, Ind.Code Ann. § 35-45-4-4(5) (West 1986). He moved to dismiss for failure to plead facts constituting an offense under the statute. The trial court granted Hartman's motion. A divided Court of Appeals reversed and remanded for trial. *State v. Hartman* (1992), Ind.App., 594 N.E.2d 830. We grant Hartman's petition to transfer.

The State presented the following facts in its affidavit for probable cause. On September 6, 1988, Richard Truog contacted an Indianapolis escort service by telephone to arrange for an "escort" to perform a sexual act on him. Truog spoke with a man who called himself Jim. Truog paid $125 for his "escort" by giving his credit card number over the phone. Jim advised him that an employee of the escort service named John would call him and arrange a rendezvous. Appellee John Hartman later called Truog and gave directions to his home. When Truog arrived at Hartman's residence, Hartman allegedly fondled Truog's genitals. For this the State charged Hartman not with prostitution, a class A misdemeanor, but with promoting prostitution, a class C felony.[1]

1. We can only surmise that the State charged Hartman with a felony to avoid the two-year statute of limitations on misdemeanors, which had run by the time the case was filed. *See*

Three Indiana statutes proscribe the activities of prostitutes, their patrons, and their pimps. The respective statutes read:

**35-45-4-2  Prostitution**

Sec. 2. A person who knowingly or intentionally:

(1) performs, or offers or agrees to perform, sexual intercourse or deviate sexual conduct; or

(2) fondles, or offers or agrees to fondle, the genitals of another person;

for money or other property commits prostitution, a Class A misdemeanor. However, the offense is Class D felony if the person has two (2) prior convictions under this section.

**35-45-4-3  Patronizing a prostitute**

Sec. 3. A person who knowingly or intentionally pays, or offers or agrees to pay, money or other property to another person:

(1) for having engaged in, or on the understanding that the other person will engage in, sexual intercourse or deviate sexual conduct with the person or with any other person; or

(2) for having fondled, or on the understanding that the other person will fondle, the genitals of the person or any other person;

commits patronizing a prostitute, a Class A misdemeanor. However, the offense is a Class D felony if the person has two (2) prior convictions under this section.

**35-45-4-4  Promoting prostitution**

Sec. 4. A person who:

(1) knowingly or intentionally entices or compels another person to become a prostitute;

(2) knowingly or intentionally procures, or offers or agrees to procure, a person for another person for the purpose of prostitution;

(3) having control over the use of a place, knowingly or intentionally permits another person to use the place for prostitution;

Ind.Code Ann. § 35-41-4-2 (West 1986). The statute of limitations for a class C felony is five years. *Id.*

(4) receives money or other property from a prostitute, without lawful consideration, knowing it was earned in whole or in part from prostitution; or

(5) knowingly or intentionally conducts or directs another person to a place for the purpose of prostitution; commits promoting prostitution, a Class C felony. However, the offense is a Class B felony under subdivision (1) if the person enticed or compelled is under eighteen (18) years of age.

Ind.Code Ann. (West 1986).

The State charged Hartman under subsection (5) of the statute on promoting prostitution. The information alleged that Hartman "did knowingly and unlawfully conduct or direct Richard Truog to a place ... for the purpose of prostitution." In granting Hartman's motion to dismiss, the trial court held that the promoting statute was intended to reach the conduct of a third party, and not the immediate parties to the act of prostitution. The Court of Appeals reversed, declaring that the plain meaning of "directing another person to a place for prostitution" encompassed Hartman's alleged act of calling Truog and giving him directions to his house.

■■■ While it is true that the plain meaning of the verb "direct" is consistent with Hartman's actions, we are persuaded that such an interpretation in this case is inconsistent with legislative intent. As Judge Baker noted in his dissenting opinion, the plain meaning rule of statutory interpretation " '*must* be applied in conjunction with the basic principle that all statutes should be read where possible to give effect to the intent of the legislature.' " *Hartman*, 594 N.E.2d at 833 (Baker, J., dissenting) (alteration in original) (quoting *Park 100 Dev. Co. v. Indiana Dep't of State Revenue* (1981), Ind., 429 N.E.2d 220, 222).

This appeal presents one of those rare instances where the intent of those who wrote the law is readily discerned. The Criminal Law Study Commission included in its proposed final draft of the 1976 revision of the penal code the following comment with regard to Ind.Code § 35–45–4–4:

The proposed section creates a comprehensive single crime of promoting prostitution, embracing various acts which in fact tend to promote prostitution. *It reaches the conduct of a third party* (for the immediate parties to the act of prostitution are already covered by [I.C. 35–45–4–2 and I.C. 35–45–4–3]), who is acting in collaboration with a prostitute, or who is exploiting a prostitute, or who knowingly facilitates or renders help in the practice of prostitution."

*Indiana Penal Code* 129 (Proposed Final Draft) (Criminal Law Study Commission 1974) (emphasis added).

Beyond this dispositive explanation, reading the three prostitution statutes in context with one another imports an inescapable conclusion: one statute targets the prostitute, another targets the customer, and a third targets the pimp.

It is also worth noting that it takes two prior convictions for prostitution before the offense even rises to class D felony. It seems unlikely that the legislature intended for prosecuting attorneys to have the discretion to charge a first offense as a class C felony merely because the prostitute invites the customer into his home. Rather, it seems that the legislature has rationally concluded that the business manager of a prostitution enterprise typically imposes a greater harm on society than the sole practitioner.

Finally, because the majority opinion in the Court of Appeals rested partly on *Benjamin v. State* (1987), Ind.App., 508 N.E.2d 1360, we finish by examining its continued vitality as precedent. In *Benjamin*, a unanimous Court of Appeals affirmed the conviction of a prostitute for promoting prostitution, a class C felony.

The investigation which led to Benjamin's conviction began when a vice officer received two business cards with the name "Dee Haven" (Benjamin's trade name) on one and "Patrisha Smith" on the other. The officer telephoned a number on the card in early December 1985, and spoke with Smith. After informing her that he had seen a Smith and Benjamin perfor-

mance, the officer asked Smith if she and Benjamin could entertain a few out-of-town business friends. Smith said yes and quoted a price of fifty to sixty dollars each.

The next day, vice officers went to Benjamin's residence in Indianapolis. An agreement as to price and sexual activity was reached. The two women danced, disrobed and were arrested.

Benjamin was charged with prostitution and with promoting prostitution under subsection (3) of the statute. Subsection (3) prohibits a person who has control over the use of a place from permitting another person to use the place for prostitution. At her bench trial, Benjamin testified that she indeed lived at the residence with her ex-husband and thus had control. On appeal, Benjamin made much the same argument which Hartman presents today, citing the Criminal Law Study Commission's comment that the promoting statute only reaches third parties. The Court of Appeals was unmoved.

To the extent that Benjamin was convicted of permitting *another person*, i.e., her fellow prostitute, to use her home for prostitution, the holding in *Benjamin* is correct. To the extent the court's *dicta* in *Benjamin* suggests that a lone prostitute could be charged with a class C felony under such circumstances, however, it is error for the reasons we have described above.

The trial court is affirmed.

DeBRULER and KRAHULIK, JJ., concur.

DICKSON, concurs in result without opinion.

GIVAN, J., dissents with opinion.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority in this opinion. I believe the majority of the Court of Appeals was correct in their decision in this case, reported as *State v. Hartman* (1992), Ind.App., 594 N.E.2d 830.

I think the language of the statute is clear and correctly interpreted by the Court of Appeals. I see no reason why an individual cannot be both a prostitute and also a link in the procurement chain. In the instant case, it would have been a simple thing for the original procurer to have directed the customer to the house of prostitution. However, he chose not to do so and delegated that responsibility to the person who, as it eventually turned out, was the actual prostitute.

I would deny transfer in this case.