## TAYLOR v. STATE, EX REL. OGLE.

[No. 20,805.   Filed April 3, 1907.]

1. **OFFICERS.** — *Clerk of the Circuit Court.* — *Title.* — *Names.* — *Constitutional Law.*—The office of "clerk of the circuit court" is created by article 6, §2, of the Constitution, the office of "county clerk" being unknown to the Constitution or to the laws of the State.   p. 296.

2. **STATUTES.**—*Construction.*—Where the language of a statute is clear and certain, construction cannot be resorted to for the purpose of supplying supposed defects or omissions.   p. 296.

3. **SAME.** — *Construction.* — *Misnomer.*—*Misdescription.*—Misnomer or misdescription, where the essence of a statute, is fatal, unless the words used are so clear and accurate as to refer only to the subject intended.   p. 297.

4. **SAME.** — *Officers.* — *Clerk of the Circuit Court.* — *"County Clerk."*—The act of 1901 (Acts 1901, p. 411, §7574b Burns 1901), providing that the term of the office of "county clerk * * * shall begin on the first day of January next following the term of the present incumbent," does not affect the office of "clerk of the circuit court."   p. 297.

5. STATUTES.—*Construction by Subsequent Legislature.*—In cases of doubt and uncertainty as to the expressed meaning of a statute, a construction thereof by a subsequent legislature is entitled to respectful consideration and may be given some weight by the courts.   p. 297.

From Sullivan Circuit Court; *Orion B. Harris,* Judge.

Action by the State of Indiana, on the relation of Tilghman Ogle, against Robert Taylor.   From a judgment for plaintiff, defendant appeals.   *Affirmed.*

*John W. Lindley* and *Douthitt & Haddon,* for appellant.
*Charles D. Hunt,* for appellee.

MONTGOMERY, C. J.—This is an action of *quo warranto,* brought by the relator to recover possession of the office of clerk of the Sullivan Circuit Court.   The constitutionality of a statute being involved and presented by the record the appeal is within the jurisdiction of this court.   Appellant's demurrer to the information, on the ground of insufficient facts, was overruled, and he filed an affirmative answer setting up fully and in detail the facts relied upon as a defense.   A demurrer for want of facts was sustained to the answer, and, appellant declining to plead further, judgment was rendered against him in accordance with the prayer of the information.

Appellant charges that the court below erred (1) in overruling his demurrer to the information or complaint, and (2) in sustaining relator's demurrer to the answer.

The facts giving rise to the controversy, as shown by the information and answer, briefly stated are as follows:   At the general election held in 1898, appellant was elected clerk of the Sullivan Circuit Court, and entered upon the duties of his office March 28, 1900, to serve for a term of four years, and until his successor should be elected and qualified. The relator was elected as appellant's successor in said office at the November election in 1902.   The General Assembly of 1901 passed an act relating to the office of "county clerks," which appellant contends fixed January 1, 1905, as

the beginning of the term of office to which the relator was elected. Acts 1901, p. 411, §7574b Burns 1901. After the relator had been elected and commissioned as such clerk, the legislature of 1903 repealed the act of 1901 so far as it related to the office of "county clerks." Acts 1903, p. 32. Appellant's term as clerk regularly expired March 28, 1904; and prior thereto relator duly qualified, and on said date demanded possession of the office. The controversy involves the title and right to possession of the office from March 28, 1904, to January 1, 1905.

The office in controversy exists in pursuance of a mandate of the Constitution of the State, and its proper name is "clerk of the circuit court." Const., Art. 6, §2; *Bolds* v. *Woods* (1894), 9 Ind. App. 657.

1.

In the course of legislation many duties have devolved upon this officer, wholly independent of his relation to the court, and in many instances he has been inaccurately styled "clerk of the county," and "county clerk." Correctly speaking no such officer as "county clerk" is known in the law of this State. The present controversy in no way involves legislation upon collateral subjects in which the clerk of the circuit court may be designated or referred to as "county clerk," and this opinion is not to be construed as intimating that in any such cases the legislative intent may not be sufficiently manifest and validly expressed. The act under consideration (Acts 1901, *supra*) purported to fix the time when the terms of certain county officers should begin, and the first question arising upon this appeal is, whether that act effectually changed the beginning of the term of the clerk of the Sullivan Circuit Court from March 28, 1904, to January 1, 1905. The statute is addressed directly to that subject, and supplies no aids to its interpretation, other than the names used. The term "county clerk" occurs both in the title and in the body of the act. In cases of un-

2.

certainty or ambiguity, necessitating a construction of statutes, the primary object is to ascertain and give effect to the legislative intention. But, where the language of enactments is free from ambiguity and uncertainty, courts cannot supply defects or omissions in order to carry out more fully the supposed purpose and intent of the legislature. Endlich, Interp. of Stat., §§18, 22.

In case of misnomer or misdescription, when such descriptive words constitute the very essence of the statute, unless the words used are so clear and accurate as to refer to the particular subject intended, and to be incapable of being applied to any other, the mistake will be fatal. Black, Interp. of Laws, §38.

Applying these principles to the act under consideration, it is our opinion that, in order to effect a change in the commencement of the term of a future clerk of the circuit court, by an independent act directed solely to that end, the act should designate the office by its correct name and title. This is the safe rule of interpretation in the absence of extrinsic aids, and any other would make the legislative purpose a matter of speculation and conjecture. Appellant served his full term, no innocent persons or vested rights are involved, and this action was brought at the earliest practicable date. In the nomination and election of the relator in the year 1902 the electors of Sullivan county must have proceeded upon the assumption that he would take his office March 28, 1904, and prior to the general election to be held in the latter year, and the act in question had not accomplished its alleged purpose. An expression of the opinion of a subsequent legislature as to the proper construction of a statute is of no judicial force, and yet in cases of doubt such construction is entitled to respectful consideration and may be given some weight by the courts. The General Assembly of 1903 (Acts 1903, *supra*) declared that the office of clerk of the circuit court was not

embraced in the provisions of the act of 1901, *supra,* and repealed that statute in so far as it purported to fix the time when the term of office of the county clerk should begin. This construction accords with our views. We hold that the date of succession to the office of clerk of the Sullivan Circuit Court was not affected by the statute of 1901. The relator is shown to have been duly elected and qualified as appellant's successor, and entitled to possession of the office March 28, 1904, the date of his demand. It follows that the court did not err in holding the information sufficient, and appellant's answer thereto insufficient.

This conclusion dispenses with the necessity of considering the constitutional questions argued, relating to the validity of the act of 1903.

The judgment is affirmed.

Gillett, J., concurs in the result.