## HEIER *v.* STATE OF INDIANA.

[No. 23,883.   Filed December 2, 1921.]

1. CRIMINAL LAW.—*Trial.*—*Submission of Affidavit to Jury.*— *Prejudicial Indorsements.*—*Statutes.*—Where defendant was convicted in a city court for a violation of the Prohibition Law (§8356a *et seq.* Burns' Supp. 1918, Acts 1917 p. 15), and appealed to the circuit court, it was reversible error to permit the jury to take with them on their retirement the affidavit, where it had upon it indorsements indicating the finding and judgment of the city court.   p. 411.

2. CRIMINAL LAW.—*Conviction in Federal Court.*—*Prosecution in State Court for Same Act.*—*Former Jeopardy.*—If the same act is an offense under both the federal and state laws, the accused may be prosecuted under both, and, if he is convicted by a federal authority, he cannot successfully plead former jeopardy when prosecuted by the state authority.   p. 411.

3. CRIMINAL LAW.—*Violation of Federal and State Laws.*— *Transportation of Liquor into Dry State.*—*Keeping with Intent to Sell.*—One convicted in the federal court for a violation of the Reed Amendment (§§8739a, 10387a-10387c U. S. Comp. Stat. Ann. Supp. 1919), prohibiting the transportation of intoxicating liquor into a dry state, was charged with a separate and distinct offense in the state court, where the act charged was keeping intoxicating liquor within the state with intent to sell, in violation of the state Prohibition Law (§8356a *et seq.* Burns' Supp. 1918, Acts 1917 p. 15).   p. 412.

From Marion Criminal Court (49,621) ; *James A. Collins,* Judge.

Prosecution by the State of Indiana against Fred Heier. From a judgment of conviction, the defendant appeals.   *Reversed.*

*Henry Seyfried* and *Fred R. Bonifield,* for appellant.
*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

TOWNSEND, J.—Appellant was tried in the city court of Indianapolis and convicted of violating the Prohibition Law.   Acts 1917 p. 15, §8356a *et seq.* Burns' Supp.

1918. He appealed to the Marion Criminal Court, was tried by jury and again convicted.

It sufficiently appears from the record that the court permitted the affidavit, which had upon it indorsements indicating the finding and judgment of the city 1. court, to be taken by the jury on their retirement to deliberate on their verdict. This was error, for which this cause must be reversed. *McNulty* v. *State* (1919), 189 Ind. 88, 125 N. E. 41; *Staub* v. *State* (1919), 188 Ind. 683, 125 N. E. 399; *Middaugh* v. *State* (1921), *ante*, 373, 132 N. E. 678; *Torphy* v. *State* (1918), 187 Ind. 73, 118 N. E. 355; *Lotz* v. *Briggs* (1875), 50 Ind. 346, 348; *State* v. *Tucker* (1902), 75 Conn. 201, 203, 52 Atl. 741; *Ogden* v. *United States* (1902), 112 Fed. 523, 526, 50 C. C. A. 380.

Other questions are presented, but the only one which will probably arise on retrial of this cause is the contention of appellant that his conviction in the 2. United States District Court for the District of Indiana, under the "Reed Amendment," is a bar to his prosecution under the state Prohibition Law for keeping liquor with the unlawful intent to sell. If the same act is an offense under both the federal and the state laws it seems to be quite well settled that one may be prosecuted under both. That is to say, if he is convicted by a federal authority, he cannot successfully plead former jeopardy when prosecuted by the state authority. *Chess* v. *State* (1822), 1 Blackf. 198; *Dashing* v. *State* (1881), 78 Ind. 357; *Snoddy* v. *Howard* (1875), 51 Ind. 411, 19 Am. Rep. 738; *Fox* v. *Ohio* (1847), 5 How. (46 U. S.) 410, 12 L. Ed. 213; *United States* v. *Marigold* (1850), 9 How. (50 U. S.) 560, 13 L. Ed. 257; *Moore* v. *Illinois* (1852), 14 How. (55 U. S.) 13, 14 L. Ed. 306; *United States* v. *Wells* (1872), 28 Fed. Cas. 522, Case No. 16,665.

The greater number of the above cases involve the

question of passing counterfeit money, and it is held in them that one may be punished under both the federal and state law.

Appellant's position in the present case is weaker even than that of those who were accused in the cases to which we have referred. The former convic-
3. tion sought to be interposed by him is for violating the "Reed Amendment," forbidding the transportation of liquor into a "dry" state. He stands charged in the instant case with a separate and distinct offense, that of keeping intoxicating liquor within the state with the intent to sell, in violation of the state law. His act violating the federal law is not the same act which violates the state law. We therefore hold that the court did not err in instructing the jury to disregard appellant's conviction in the federal court.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Myers, J., absent.