LAMONT RICHARDSON *v*. STATE OF INDIANA.

[No. 2-874A212.  Filed February 18, 1975.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Russell W. Sims,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Appellant (Richardson) brings this appeal from a conviction of carrying a pistol without a license.

The facts most favorable to the State are as follows: Richardson was formally charged on March 11, 1972, was arraigned May 17, 1972, and trial was set for June 30, 1972.

Richardson was at liberty on recognizance until trial and conviction.

Trial was not held as planned, however, because Richardson requested and received a series of continuances which delayed trial until October 26, 1972. On the latter date, counsel for Richardson did not appear and it was necessary to reset the trial for February 7, 1973.

Prior to February 7, 1973, the State was granted several continuances which caused the trial date to be moved to June 4, 1973.

On June 4, 1973, the State requested a continuance, which was objected to by the defendant. Richardson was present in person and by counsel, who made a parol motion for discharge which was overruled and continuance granted. Trial was reset the next day for July 11, 1973.

On the trial date Richardson appeared in person and by attorney of record. State requested and was granted a continuance which was granted without objection and cause reset for February 27, 1974.

On February 26, 1974, Richardson filed a written motion for discharge, alleging he had been held under recognizance for more than one year without trial, which was overruled the next day.

Trial was begun before a jury on February 27, 1974, and concluded by convicting Richardson of the crime charged.

It has been held that denial of a speedy trial is *per se* a denial of rights. *Fossey* v. *State* (1970), 254 Ind. 173, 258 N.E.2d 616. However, subsequent decisions have tempered this declaration. *Bryant* v. *State* (1973), 261 Ind. 172, 301 N.E.2d 179; *Layton* v. *State* (1973), 261 Ind. 251, 301 N.E.2d 633 (both discussing Ind. Rules of Procedure, Criminal Rule 4(A)).

Our Supreme Court in *Utterback* v. *State* (1974), 261 Ind. 685, 310 N.E.2d 552, made the following statement while considering the limitations of CR. 4(A) and (B):

> "In *Bryant* v. *State* (1973), [261] Ind. [172], 301 N.E.2d 179 and in *Layton* v. *State* (1973), [261] Ind. [251], 301 N.E.2d 633, we held that under Criminal Rule 4 it was incumbent upon the defendant to protest, at his first opportunity, if his trial date was set for a date subsequent to that permitted under the rule and that his failure to do so must be regarded as acquiescence and a waiver.

> \* \* \*

> ". . . when a ruling is made that is incorrect, and the offended party is aware of it, or reasonably should be presumed to be aware of it, it is his obligation to call it to the court's attention in time to permit a correction. If he fails to do so, he should not be heard to complain.

> \* \* \*

> "We will vigorously enforce the right to a speedy trial, but we do not intend that accused persons should escape trial by abuse of the means that we have designed for their protection."

In *Mayes* v. *State* (1974), 162 Ind. App. 186, 318 N.E.2d 811, the above language was expressly adopted as binding on this court. See also *Easton* v. *State* (1972), 258 Ind. 204, 280 N.E. 2d 307.

We do not consider a motion filed on the last possible day to be reasonable action by Richardson; such action would certainly amount to "abuse of the means that we have designed for their protection."

The record discloses that all delay after February 7, 1973, until the date of trial on February 27, 1974, was caused by the State. It is thus apparent that the trial was held beyond the one year limit set out in CR. 4(C).

In the case at bar the court, on July 11, 1973, set the cause for trial for February 27, 1974, with Richardson's counsel present. Counsel knew, or should have known, that the trial setting was beyond the limit of one year under CR. 4(C). However, counsel at that time made no objection and did not

request a different trial date or object in any way until February 26, 1974, the day before trial.

Richardson's failure for more than six months to avail himself of the right to call the court's attention to the fact the trial date was over the permissible time to try him, is regarded as acquiescence therein and a waiver of the right to discharge for such cause. *Bryant* v. *State, supra.* The court did not err in holding the trial on February 27, 1974. *Utterback* v. *State, supra.*

The second issue is that the granting of the State's motion in limine was error.

The motion in limine requested the court to direct the defendant and his counsel not to make reference in the trial of this action in the presence of the jury *venire,* or in the presence of the jury, as to the following matters:

1. The trial and conviction of the defendant in United States District Court on or about June 28, 1973;

2. The sentence imposed by the Federal Court in that case;

3. Any other facts which would disclose to the jury that the defendant was charged and convicted of the federal crime of being a convicted felon in possession of a firearm, specifically 18 USC § 1202A, of the events that occurred on March 10, 1972.

A man charged with crime may be prosecuted by two sovereigns, the United States and the State of Indiana, if the same act is an offense under both the federal and the state laws. *Heier* v. *State* (1921), 191 Ind. 410, 133 N.E. 200; *Bartkus* v. *Illinois* 359 U.S. 121, 3 L.Ed.2d 684, 694, 79 S.Ct. 676.

In *Burrus* v. *Silhavy* (1973), 155 Ind. App. 558, 293 N.E.2d 794, 796, 797, this court defined a motion in limine and quoted from *Bridges* v. *City of Richardson* (1962), 163 Tex. 292, 354 S.W.2d 366, 367, setting forth the purpose of said motion as follows, to-wit:

" 'The purpose in filing a motion in limine to suppress evidence or to instruct opposing counsel not to offer it is to

prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury with respect to matters which have no proper bearing on the issues in the case or on the rights of the parties to the suit. *It is the prejudicial effect of the questions asked or statements made in connection with the offer of the evidence, not the prejudicial effect of the evidence itself, which the motion in limine is intended to reach. . . .'"* (Our emphasis.)

We recognize motions in limine in Indiana and further recognize that the authority of the trial court to entertain a motion in limine is derived from the inherent power of the trial court to exclude or admit evidence in the furtherance of its fundamental constitutional purpose, which is the administration of justice.

A motion in limine is a means of implementing the trial court's inherent power over the admission and exclusion of evidence. Although the same result could theoretically be obtained by sustaining an objection to questions on matters which the court in its discretion deemed to be prejudicial, it is our opinion that a motion in limine is a far better method to further the court's goal of impartial administration of the judicial process.

It is our opinion that the trial court acted correctly in sustaining the State's motion in limine.

Finding no reversible error, the judgment of the trial court is hereby affirmed.

Robertson, C.J., and Lybrook, J., concur.