JEFFREY LYNN WILSON v. STATE OF INDIANA

[No. 478S65. Filed December 15, 1978. Rehearing denied February 19, 1979.]

*John T. Alden, Jr.*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Terry G. Duga*, Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Jeffrey Lynn Wilson, was charged by information on August 17, 1976, with three counts of: I. Commission of a Felony While Armed, to wit: robbery, Ind. Code § 35-12-1-1 (Burns 1975); II. Inflicting Physical Injury in the Commission of a Felony, Ind. Code § 35-13-4-6 (Burns 1975); and III. Assault and Battery with Intent to Kill, Ind. Code § 35-13-2-1 (Burns 1975).

Before his arraignment on these charges, he was indicted in federal court for armed robbery and assault. These federal charges arose from the same incident that was the basis for the state charges. The defendant subsequently entered a plea of not guilty to the state charges and then pled guilty to both counts of the federal indictment. He was sentenced on the federal counts in March, 1977.

Defendant filed a motion to dismiss the information on the state charges in November, 1977, but this was overruled. He then entered

a plea of guilty to armed robbery and was sentenced to twelve years' imprisonment on this count. His direct appeal raises the following issues based on the fact that he had a federal conviction for the same crime before the final judgment was issued on the state charges:

1. Was the prosecution of the defendant barred by either Ind. Code § 35-41-4-5 (Burns 1978 Supp.) or Ind. Code § 35-1-2-15 (Burns 1975)?

2. Was the prosecution of the defendant in violation of Article I §§ 14 and 18 of the Indiana Constitution?

The incident which was the basis of both the state and federal charges occurred on August 17, 1976, and involved the shooting and robbery of a special agent of the Drug Enforcement Administration of the United States Department of Justice. It is clear that the offenses for which defendant was convicted in federal court were based upon the same conduct and evidence which supplied the basis for the state's charge, and this was stipulated by the state at the hearing on defendant's motion to dismiss.

It has long been held that the double jeopardy provisions of the United States Constitution and the Indiana Constitution do not bar a state prosecution for conduct which was the subject of a prior federal prosecution. *Abbate v. United States*, (1959) 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729; *Bartkus v. Illinois*, (1959) 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684, rehearing denied 360 U.S. 907, 79 S.Ct. 1283, 3 L.Ed.2d 1258; *Heier v. State*, (1921) 191 Ind. 410, 133 N.E. 200. These cases are based on the dual sovereignty theory that the double jeopardy provisions only constitute a limitation upon multiple prosecution by a single sovereign and that the state and federal governments are separate sovereignties.

Notwithstanding the absence of constitutional protection, the defendant contends that there is a statutory right in Indiana against prosecution in a state court where there has been a prior federal prosecution for the same conduct. The present statute, Ind. Code § 35-41-4-5 (Burns 1978 Supp.) clearly does give this right for it states "a former prosecution in any other jurisdiction is a bar to a subsequent prosecution for the same conduct in Indiana...." However, this statute went into effect

on October 1, 1977, and was not in effect at the time of the commission of the instant crime. While defendant contends that this statute should be retroactively applied to him because it is an ameliorative statute and did go into effect before the final judgment in his case, we do not have to reach this issue due to our disposition of the case on the issue below. We also do not have to give further consideration to the constitutional issues.

The statute which was in effect at the time of this crime did bar multiple prosecutions but was ambiguous as to whether federal prosecutions were included within its provisions. Ind. Code § 35-1-2-15 (Burns 1975) reads:

"When an act charged as a public offense is within the jurisdiction of another state, territory or country, as well as within the jurisdiction of this state, a conviction or acquittal thereof in the former is a bar to a prosecution or indictment therefor in this state."

This statute had been in effect since 1905 and had never been specifically interpreted. Both the cases of *Heier v. State, supra,* and *Richardson v. State,* (1975) 163 Ind.App. 222, 323 N.E.2d 291, mention the general constitutional principle that federal convictions do not bar subsequent state prosecutions. However, the court in *Richardson* did not even consider this statute and the court in *Heier* found the statute was not applicable because there were different acts involved in the state and federal charges.

While the state argues that the phrase "another state, territory or country" does not include the United States, we do not agree. We believe it is apparent that the purpose of this statute was to extend the constitutional double jeopardy provision to include "dual sovereigns" of all other states, territories and countries. To leave out the federal government would defeat the purpose of extended protection.

The legislature has now clearly shown that its intent is that the federal government be included in this bar to prosecutions by passing the new statute with the comprehensive words "any other jurisdiction." While such an expression of intent by a subsequent legislature as to the proper construction of a statute is of no judicial force, in cases of doubt such construction is entitled to respectful considera-

tion and may be given weight by the courts. *Taylor v. State ex rel. Ogle*, (1907) 168 Ind. 294, 80 N.E. 849; *State v. Bethel Sanitarium*, (1975) 165 Ind.App. 421, 332 N.E.2d 808.

Furthermore, the recent trend in the United States Supreme Court's decisions seems to have eroded the viability of the dual sovereignty concept. *See Murphy v. Waterfront Commission of New York Harbor*, (1964) 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678; *Elkins v. United States*, (1960) 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669.

We believe that the legislature intended the phrase "within the jurisdiction of another state, territory or country" to mean any other jurisdiction outside the state of Indiana. We therefore hold that Ind. Code § 35-1-2-15 (Burns 1975) was a bar to defendant's state charges.

For all the foregoing reasons the judgment of the trial court should be vacated and a judgment should be entered dismissing the state's charges.

Judgment reversed with instructions.

Givan, C.J., and Prentice, J., concur.

DeBruler, J., dissents with opinion in which Pivarnik, J., concurs.

## DISSENTING OPINION

DeBRULER, J. — Indiana Code § 35-1-2-15, as it appeared prior to its most recent amendment and as it appears in the majority opinion, cannot be correctly construed as a broad bar to Indiana prosecutions following federal ones within the geographic area of the states. At the time of its first enactment in 1905 there was no significant potential for an overlap between state and federal criminal judgments within the territory governed by both the state and national governments. The federal criminal jurisdiction of the time within the states was narrow and highly specialized. The overlap problem simply did not exist to the extent it does today and it is, therefore, unlikely that the legislators of the day were responding to it. Furthermore, the statute as it appeared in the Acts of 1905 stands among the first sections of the criminal code which deal with general framework and geographical matters. As a section

it is entitled "Judgment in another State." This placement and title would indicate a concern more within the sphere of proper intergovernmental relations than within the sphere of individual rights. And finally there is little support for the majority conclusion that the purpose of this statute "was to extend the constitutional double jeopardy provision." As a legislative response with perimeters defined by the application in the circumstances presented in this case, it goes far beyond double jeopardy thought which was extant in 1905 and which has persisted with only minor changes to this very day.

I would, therefore, conclude that this statute provides no basis for appellant's claim made in his motion to dismiss that the state prosecution against him should be dismissed.

Pivarnik, J., concurs.

NOTE—Reported at 383 N.E.2d 304.