**Buddy HAGGARD, Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below).**

No. 782S259.

Supreme Court of Indiana.

March 3, 1983.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Buddy Haggard, pled guilty to criminal confinement, a Class B felony, Ind.Code § 35–42–3–3 (Burns 1979 Repl.), and rape, a Class A felony, Ind.Code § 35–42–4–1 (Burns 1979 Repl.). He was sentenced to consecutive terms of twenty and thirty years. In his direct appeal he raises the following three issues:

1. Whether the trial court erred in entering judgments on both counts;

2. Whether the trial court stated sufficient reasons for enhancing the sentences; and

3. Whether the trial court properly ordered the sentences to be served consecutive to another sentence received in a different county.

A brief summary of the facts from the record most favorable to the state shows that defendant robbed a liquor store in Bartholomew County, Indiana, on November 13, 1980. He forced a cashier to leave the store with him and drive him from the scene in her car. After driving for some time, they arrived in Harrison County, Indiana, where defendant directed the victim to stop in a hospital parking lot. Here, he raped her and then fled. The evidence showed that defendant used a butcher knife, six to seven inches long, to force the victim to cooperate. Defendant pled guilty to charges of confinement, robbery, and two counts of theft in Bartholomew County and was sentenced to twenty years on those counts prior to his guilty plea and sentencing in the instant case.

I.

At the sentencing hearing in this case, defendant objected to the trial court's sentencing him on both the confinement and the rape. He argued that the confinement was a lesser included offense of the rape, but his objection was overruled. He now expands his argument to include the objection that the confinement in Harrison County was part of the continuous and uninterrupted confinement of the same victim which had started in Bartholomew County and for which he had been previously convicted and sentenced. He argues that the multiple convictions for the confinement in this case violate the double jeopardy clause of the Fifth Amendment. We agree that under the circumstances of this case only one offense of confinement was committed.

We first note that it has been clearly established that this Court can recognize fundamental error even though it was not raised at the trial, in the motion to correct errors, or even in the direct appeal to this Court if the error is blatant and appears clearly on the face of the record. *Thomas v. State,* (1981) Ind., 428 N.E.2d 231; *Nelson v. State,* (1980) Ind., 409 N.E.2d 637; *Young v. State,* (1967) 249 Ind. 286, 231 N.E.2d 797. Clearly, one of the most fundamental principles of criminal law is that a person may not be twice punished for a single offense arising from one set of operative circumstances. *Hutcherson v. State,* (1978) 269 Ind. 331, 380 N.E.2d 1219; *Bean v. State,* (1978) 267 Ind. 528, 371 N.E.2d 713; *Thompson v. State,* (1972) 259 Ind. 587, 290 N.E.2d 724.

■ It is true as the state points out that rape and kidnapping are generally held to be separate and distinct offenses because each requires proof of an additional fact which the other does not. *Daniels v. State,* (1980) Ind., 408 N.E.2d 1244; *Dragon v. State,* (1979) 270 Ind. 223, 383 N.E.2d 1046. Furthermore, while charges of rape and kidnapping or criminal confinement often arise from the same operative circumstances, two distinct statutory provisions are involved. There is no double jeopardy barrier to convictions and sentences on both charges as long as both are supported by the evidence beyond a reasonable doubt and each offense requires proof of at least one element which the other does not. *Blockburger v. United States,* (1932) 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; *Bish v. State,* (1981) Ind., 421 N.E.2d 608; *Inman v. State,* (1979) Ind., 393 N.E.2d 767; *Elmore v. State,* (1978) 269 Ind. 532, 382 N.E.2d 893.

■ However, in this case the double jeopardy issue does not arise from the simultaneous acts of rape and confinement but rather from the convictions in two counties for the one, continuing and uninterrupted act of confinement. It is clearly established that where a defendant has been once convicted and punished for a particular crime, principles of fairness and finality require that he not be subjected to the possibility of further punishment by being tried or sentenced a second time for the same offense by the same sovereign power. *Thompson v. State,* (1972) 259 Ind. 587, 290 N.E.2d 724. However, it is also clear that the double jeopardy provisions of the United States Constitution and the Indiana Constitution do not bar a state prosecution for conduct which was the subject of a prior federal prosecution since the state and federal governments are considered to be "separate" or "dual" sovereigns. *Abbate v. United States,* (1959) 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729; *Bartkus v. Illinois,* (1959) 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684, *re'h den'd* 360 U.S. 907, 79 S.Ct. 1283, 3 L.Ed.2d 1258; *Wilson v. State,* (1978) 270 Ind. 67, 383 N.E.2d 304; *Heier v. State,* (1921) 191 Ind. 410, 133 N.E. 200.

■ The United States Supreme Court has recently reiterated these principles and stated that while there may be separate prosecutions for a single offense by separate sovereigns, the double jeopardy clause of the Fifth Amendment "does not permit a single sovereign to impose multiple punishment for a single offense merely by the expedient of establishing multiple political subdivisions with the power to punish crimes." *United States v. Wheeler,* (1978) 435 U.S. 313, 321–322, 98 S.Ct. 1079, 1085, 55 L.Ed.2d 303, 311–312. Cities and counties are regarded as subordinate governmental agencies of the state because their power is granted to them by the state, whereas the states and the federal government are regarded as separate political entities because each derives its power from a different source. *United States v. Wheeler, supra; United States v. Lanza,* (1922) 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314.[1]

In this case, defendant committed one continuous act which violated the state statute against confinement, and while his act continued through four counties it was nevertheless a single offense against the state. The evidence shows that the confinement in Harrison County was part of a continuing offense for which defendant had already been punished in Bartholomew County. The same victim was being confined in the same car by defendant and there is no evidence of any interruption of this confinement at any point from the time of the robbery of the liquor store until the act of rape was concluded. In other cases involving continuing acts, such as the continuous illegal possession of a weapon and the illegal cohabitation with more than one woman, the courts have found that for inherently continuing offenses the government could not arbitrarily divide the offense into separate time periods and multi-

---

1. Although there is no constitutional provision which would bar a state prosecution for conduct which was the subject of a prior federal prosecution since the state and federal governments are separate sovereigns, Indiana does provide a statutory right which prohibits such dual prosecutions. Ind.Code § 35–41–4–5 (Burns 1979 Repl.); *Wilson v. State, supra.*

ply the penalty. *In re Snow,* (1887) 120 U.S. 274, 7 S.Ct. 556, 30 L.Ed. 658; *United States v. Jones,* (6th Cir.1976) 533 F.2d 1387.

■ In this case, the evidence shows that there was only one continuous act of confinement, so defendant's conviction for confinement in Bartholomew County is a bar to the prosecution for any part of this same confinement in any other county. The instant conviction and sentence for confinement in Harrison County must therefore be vacated.

## II.

The trial court enhanced defendant's sentence for the offense of confinement by adding an additional ten years to the basic ten-year penalty. He further ordered this twenty-year sentence to be served consecutively to the basic thirty-year sentence defendant was given for the offense of rape. Defendant now alleges that the trial court did not state sufficient reasons to support this enhancement of the sentence. Due to our decision in Issue I above to vacate the conviction and sentence for the offense of confinement, there is no error remaining on this issue. Defendant was not given an enhanced sentence for the offense of rape, but was only given the required statutory term of thirty years.

## III.

During the sentencing hearing on this case, the trial court considered the presentence investigation report and discussed with defendant facts about his prior criminal record. The court noted that defendant had been sentenced to twenty years in Bartholomew County for the robbery, confinement, and theft charges that were part of the same transaction as the instant crime. He noted that defendant had several previous convictions for burglary, assault and battery, and escape. He also noted that defendant had been arrested in May, 1980, in Bartholomew County on charges of theft and that at the time of sentencing on the instant charges there had been no disposition on the 1980 theft charges.

■ The trial court then made a reference to the 1980 theft charge in Bartholomew County and held that Ind.Code § 35–50–1–2 (Burns 1979 Repl.) mandated him to make the instant sentence in Harrison County consecutive to the twenty-year sentence imposed in Bartholomew County. We find that this was a misinterpretation of the statute. The statute reads:

"(a) Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

"(b) If a person commits a crime:

(1) After having been arrested for another crime; and

(2) Before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed."

Our case law has clearly established that the mandatory section of this statute, section (b), only applies if a defendant is on probation, parole, or serving a term of imprisonment at the time the other offenses were committed. *Mott v. State,* (1980) Ind., 402 N.E.2d 986; *Dolan v. State,* (1981) Ind. App., 420 N.E.2d 1364; *Garrett v. State,* (1980) Ind.App., 411 N.E.2d 692.

■ The record in this case shows that defendant was not on probation or parole in November, 1980, at the time the instant offenses were committed. Also, he was not serving any term of imprisonment at that time since the sentencing hearing for the prior 1980 theft charge was not held until February, 1981. Therefore, the mandatory provision for imposing consecutive sentences is not applicable in this case.

■ However, section (a) gives the trial court the discretion to determine whether terms of imprisonment shall be served concurrently or consecutively when evidence of the facts of each offense is before the court as it was in this case. *Ferguson v. State,* (1980) Ind., 405 N.E.2d

902. When the trial court uses its discretionary power to increase or decrease the basic sentence or impose consecutive terms of imprisonment, the record must disclose what factors were considered by the judge to be mitigating or aggravating circumstances. The record must further show that the determination of the sentence was based upon a consideration of the facts of the specific crime and the relation of the sentence imposed to the objectives which will be served by that sentence. *Washington v. State,* (1981) Ind., 422 N.E.2d 1218; *Abercrombie v. State,* (1981) Ind., 417 N.E.2d 316; *Gardner v. State,* (1979) 270 Ind. 627, 388 N.E.2d 513.

In this case, the record shows that the trial court did consider defendant's prior criminal history, the nature and circumstances of the crimes committed, and defendant's character. However, he set out only one reason for imposing the instant sentence to be served consecutive to the sentence in Bartholomew County: the mandatory provisions of Ind.Code § 35–50–1–2, *supra.* Since we have found the mandatory provision is not applicable in this case, we must remand the case for a specific and individualized statement of why the facts in this case support the imposition of consecutive terms. Otherwise, the court must impose concurrent sentences.

The conviction and sentence on the offense of confinement are vacated. The conviction and sentence on the offense of rape are affirmed. Cause remanded with instructions for the trial court to state its reasons for imposing consecutive sentences or, alternatively, to order the sentences to be served concurrently.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.