**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Geane DOBY, Defendant–Appellant.**

Nos. 88–2000, 88–2030.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 22, 1989.

Decided April 13, 1989.

### *ORDER*

Eileen A. Kamerick, Skadden Arps Slate Meagher & Flom, Chicago, Ill., for defendant-appellant.

Gwenn R. Rinkenberger, Asst. U.S. Atty., Hammond, Ind., for plaintiff-appellee.

Before WOOD, Jr., and MANION, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

PER CURIAM.

Geane Doby, along with several others, burned down a house in Gary, Indiana. During the arson, one of Doby's fellow arsonists was severely burned; he died a short time later.

A grand jury charged Doby with violating 18 U.S.C. § 844(i), which provides:

[w]hoever maliciously damages or destroys ... by means of fire or an explosive, any building ... used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce ... and if death results to any person ... as a direct or proximate result ... shall ... be subject to imprisonment for any term of years, or to the death penalty or life imprisonment as provided in [18 U.S.C. § 34].

Doby eventually pleaded guilty to the arson charge on the condition that he be allowed to contest whether federal jurisdiction existed over the arson.

The house that Doby and his compatriots had burned was a two-unit house. The owner, Mohamed Shaker, had lived in the first story unit with his family, and had rented the second story unit to different tenants. At the time of the arson (committed at Shaker's behest), the entire home was vacant and in need of rehabilitation work as a result of vandalism that had occurred during a series of burglaries at the house. Although the house was vacant, Shaker had never taken it off the rental market; he intended to repair the damage to the house and rent the upstairs unit.

Doby contended that the house was not a building "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce" and that the arson therefore did not meet § 844(i)'s federal jurisdictional requirement. The district court, in a succinct, well reasoned opinion, held that a sufficient interstate commerce nexus existed so that the arson did meet § 844(i)'s jurisdictional requirement. *United States v. Doby*, 684 F.Supp. 558 (N.D. Ind.1988). Doby appeals. Because we agree with the district court's reasoning, we adopt its opinion as our own. We add only that because of the district court's reasoning, we need not reach the government's contention that the arson fell within § 841(i) because the home received natural gas from an out-of-state source.

AFFIRMED.