978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Geane DOBY, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 Nos. 91-2873, 91-2920, 91-2923 and 91-2924.[1]
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 14, 1992.*
Decided Oct. 23, 1992.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Geane Doby pleaded guilty to all counts of a multiple-count indictment. The agreement called for Doby to testify for the government against Doby's codefendants in exchange for immunity from prosecution for anything he said on the witness stand. Doby took the stand against a codefendant but refused to testify; the court held him in contempt. Doby's plea agreement also allowed him to appeal his conviction for arson resulting in death, 18 U.S.C. § 844(i), which he did. On appeal he argued only that the court lacked subject matter jurisdiction because his crime did not involve interstate activity, which is an element of that offense. We affirmed the conviction. United States v. Doby, 872 F.2d 779, 780 (1989) (per curiam). Doby then filed four motions under, 28 U.S.C. § 2255, making new claims. He contended his plea agreement was null and void, that he received ineffective assistance of counsel, and that the court erred by holding him in contempt. The court denied the motion, holding that Doby had procedurally defaulted those claims by not raising them on direct appeal. Doby appealed.
 
 
 2
 Because Doby raised only the issue of subject matter jurisdiction on his direct appeal, he has waived all other claims unless he can show cause for and prejudice as a result of failing to raise these claims on direct appeal. United States v. Frady, 456 U.S. 152, 167 (1982). Doby claims that he did not argue these points on direct appeal because his counsel did not make these arguments despite his urging her to do so. However, if his counsel's decision did not prejudice his case, he cannot overcome the failure to raise these issues on appeal. Strickland v. Washington, 466 U.S. 668, 688 (1984).
 
 
 3
 It would have been frivolous for Doby's attorney to argue that his plea agreement was null and void. Plea agreements, including any immunity agreements included therein, are contracts. United States v. Osborne, 931 F.2d 1139, 1161 (7th Cir.1991) (citations omitted). Accordingly, we must interpret the terms of Doby's plea agreement by "examin[ing] the parties' reasonable expectations--an objective standard." Id. Doby's plea agreement provided in part:
 
 
 4
 I understand that if I violate any of the above provisions, that this entire plea agreement is null and void and that I can be prosecuted for all criminal offenses that I may have committed.
 
 
 5
 Doby argues that, because he did not testify for the government in violation of the agreement, the agreement is null and void, which entitles him to the trial he waived in the agreement. Doby's reading of the plea agreement does not comport with the reasonable expectations of the parties. First, the language of that clause clearly gives the government the option to prosecute Doby if he breached the plea agreement. Nothing in the clause gives Doby any rights. Indeed, because Doby breached the agreement, the government, if it so chose, could try Doby on all charges, including the ones it dismissed as part of the plea agreement. Ricketts v. Adamson, 483 U.S. 1, 10 (1986). Second, when Doby changed his plea to guilty he told the judge that he understood that if he violated the clause in question it would give the government the right to prosecute him. It is incredible that Doby did not understand the clear meaning of the provision. The judge walked Doby through the agreement step by step. Only after he was sure Doby understood the entire agreement did he accept the plea of guilty. The judge reiterated his assurance that Doby fully understood the plea when he denied Doby's motion to vacate his plea under Rule 32(d).
 
 
 6
 It would also have been frivolous to argue that Doby had a right not to testify. The plea agreement called for Doby to cooperate fully with the government. In turn the plea agreement gave Doby immunity:
 
 
 7
 The United States Attorney agrees that I will not be prosecuted in the Northern District of Indiana for any federal offenses occurring in the Northern District of Indiana which I may disclose during my cooperation.
 
 
 8
 Doby claims that this grant was not broad enough, and therefore he should not have been held in contempt, because he could have been prosecuted by the State of Indiana. Doby has no basis for this argument, however. First, Doby agreed in the plea agreement to testify as long as the federal prosecutor did not come after him for anything he said. The judge explained this provision to Doby and was satisfied that Doby knew its meaning. Second, Indiana law prevents state prosecutors from trying Doby since he pled guilty to federal charges. Ind.Code § 35-41-4-5; Haggard v. State, 445 N.E.2d 969, 973 n. 1 (1983). Because the government has kept its end of the plea agreement and Indiana law shelters Doby from state prosecution, his claim has no merit.
 
 
 9
 Doby's claims had no merit. We conclude, therefore, that counsel was effective because her failure to raise those claims did not prejudice Doby's case.
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Doby filed in the district court four separate motions under 28 U.S.C. § 2255. The court entered identical orders denying relief in each case. Doby filed a notice of appeal in each case, and we consolidated the cases for briefing and disposition