Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**STACY R. ULIANA**
Bargersville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CORNELIUS HINES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.52A05-1312-CR-594 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MIAMI SUPERIOR COURT
The Honorable Daniel C. Banina, Judge
Cause No. 52D02-1209-FC-236

**June 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Following a jury trial, Cornelius Hines was convicted of Count 1, Criminal Confinement[1] as a class C felony, and Count 2, Battery[2] as a class D felony. Hines now appeals, presenting two issues for our review:

1. Do Hines's convictions for battery and criminal confinement violate Indiana's double-jeopardy protections?

2. Is the sentence imposed inappropriate?

We affirm.

On August 28, 2012, while incarcerated at the Miami Correctional Facility, Hines attacked Regina Bougher, a correctional officer at the facility. Hines charged at Officer Bougher with his head and shoulder, striking her in the ribs. This action caused bruising and pain in Officer Bougher's ribs. Hines then restrained Officer Bougher by pinning her right arm to the wall, grabbing her face with his other hand, and using the weight of his body to immobilize her. The attack was subsequently broken up when Officer Bougher was able to radio for help. Following the incident, Officer Bougher was medically unable to return to work for a number of months.

On September 26, 2012, the State charged Hines with criminal confinement and battery. Following a jury trial, Hines was found guilty as charged. The trial court sentenced him to concurrent terms of eight years on the confinement conviction and three years on the battery conviction. Hines now appeals.

1.

---

[1] Ind. Code Ann. § 35-42-3-3 (West, Westlaw current with all legislation of the Second Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014).
[2] I.C. § 35-42-2-1 (West, Westlaw current with all legislation of the Second Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014).

Hines argues that his convictions for criminal confinement and battery violate the Indiana double jeopardy clause. Specifically, Hines argues that the convictions violate the actual-evidence test of the double jeopardy clause.

Double-jeopardy claims arising under the Indiana Constitution are evaluated utilizing a two-part test, pursuant to which multiple offenses are the same offense in violation of article 1, section 14, "if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999). To prevail under the actual-evidence test, Hines must demonstrate that there is a reasonable possibility that the evidentiary facts used by the jury to establish the essential elements of one of his offenses may also have been used to establish all the essential elements of the other. *See Davis v. State*, 770 N.E.2d 319 (Ind. 2002). In applying the actual-evidence test, we must "'identify the essential elements of each of the challenged crimes and … evaluate the evidence from the jury's perspective.'" *Lee v. State*, 892 N.E.2d 1231, 1234 (Ind. 2008) (quoting *Spivey v. State*, 761 N.E.2d 831, 832 (Ind. 2002)). The "reasonable possibility" standard "requires substantially more than a logical possibility" and "turns on a practical assessment of whether the jury may have latched on to exactly the same facts for both convictions." *Id.* at 1236. "In determining what facts were used to support each conviction, we will consider the evidence, charging information, final jury instructions, and arguments of counsel." *Cole v. State*, 967 N.E.2d 1044, 1050-1051 (Ind. Ct. App. 2012).

3

Here, the evidentiary facts used to establish the confinement conviction were separate and distinct from those used to establish the battery conviction. To establish the battery conviction, the State presented evidence that Hines lunged toward Officer Bougher, striking her in the ribs with his head and shoulder. Officer Bougher experienced pain and bruising in her ribs. To establish the criminal-confinement conviction, the State presented evidence that Hines pinned Officer Bougher against the wall with the use of his arms and body. Officer Bougher testified in detail about how Hines pinned her right arm to the wall and she was not able to move. She received bruising on her right arm from the confinement.

Moreover, in the State's opening statement, the State described the incident saying that Hines

> [t]hen lunges at Officer Bougher putting his shoulder and head into her ribcage causing pain. He continues on with his violent act and pins her up against a concrete wall where he restrains her right arm, secures her left arm and puts another hand over her face where she cannot move and then strikes her head at least two times against a concrete wall.

*Transcript* at 125. In its closing argument, the State again made a distinction in the evidence, noting that,

> [Hines] did so by lunging and initially striking [Officer Bougher] in the ribcage with his head and shoulder…. The assault continued whereby he pins her up against the wall placing one of her arms up against the wall, taking his other arm and ultimately having it across her face, pressing his body against hers, making her immobile as he bangs her head on the concrete wall.

*Id.* at 195-96.

4

Based on the evidence as presented by the State, we find there is no reasonable possibility the jury relied on the same evidence to convict Hines of both offenses. We therefore conclude that double-jeopardy protections were not violated when the trial court convicted Hines of both criminal confinement and battery.

Hines next argues that the convictions for criminal confinement and battery cannot stand under the continuing crime doctrine, which is a category of Indiana's prohibition against double jeopardy. "The continuing crime doctrine essentially provides that actions that are sufficient in themselves to constitute separate criminal offenses may be so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction." *Walker v. State,* 932 N.E.2d 733, 735 (Ind. Ct. App. 2010). The continuing crime doctrine is applicable in two situations: (1) when a defendant is charged multiple times with the same offense, *see Haggard v. State*, 445 N.E.2d 969 (Ind. 1983) (multiple convictions of criminal confinement); or (2) when a defendant is charged with an offense and a lesser included offense, *see Taylor v. State*, 879 N.E.2d 1198 (Ind. Ct. App. 2008).

The facts do not place this case in either category to which the continuous crime doctrine applies. Hines was not convicted of multiple charges of criminal confinement or battery, nor is criminal confinement a lesser included offense of battery, or vice versa. Battery and confinement were two distinct chargeable crimes that occurred at different times. Battery occurred the moment Hines lunged toward Officer Bougher and hit her in the ribs with his head and shoulder. The confinement occurred when Hines thereafter

5

pinned Officer Bougher with his arms and body against the wall and prevented her from moving. Thus, the continuing crime doctrine is not applicable.

Finally, Hines argues that his convictions violate double-jeopardy protections because both the enhancement of battery to a class D felony and the enhancement of confinement to a class C felony are supported by the same bodily injury, i.e., Officer Bougher's pain.

The crime of criminal confinement is enhanced to a class C felony if "it results in bodily injury to a person other than confining or removing person." I.C. § 35-42-3-3(b)(1). The crime of battery is enhanced to a class D felony if there is bodily injury to "an employee of a penal facility or a juvenile detention facility while the employee is engaged in the execution of the employee's official duty." I.C. § 35-42-2-1(a)(2)(J). Bodily injury is defined as "any impairment of physical condition, including physical pain." Ind. Code Ann. § 35-31.5-2-29 (West, Westlaw current with all legislation of the Second Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014).

Hines's battery conviction is based on his actions when he lunged at Officer Bougher with his head and shoulder, causing pain and bruising in her ribs. In order to confine Officer Bougher, Hines used both his hands and body to pin her body to the wall, causing pain and bruising to Officer Bougher's right arm. The enhancements of each conviction are based on separate injuries and thus there is no violation of double jeopardy.

2.

Finally, Hines argues that his sentence of eight years for criminal confinement and three years for battery is inappropriate in light of the nature of the offense and his character. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to App. R. 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State,* 895 N.E.2d 1219 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State,* 917 N.E.2d 675, 693 (Ind. 2009). Nevertheless, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State,* 866 N.E.2d 858, 866 (Ind. Ct. App. 2007).

Whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State,* 895 N.E.2d 1219, 1224 (Ind. 2008). Furthermore, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

Hines was convicted of a class D felony battery, for which the sentencing range is half a year to three years, with an advisory sentence of one and a-half years. *See* Ind. Code. Ann. § 35-50-2-6 (West, Westlaw current with all legislation of the Second Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014). Hines received a maximum three-year sentence for battery. In addition, Hines was convicted of a class C felony criminal confinement, for which the sentencing range is two to eight years, with an advisory sentence of four years. *See* I.C. § 35-50-2-7 (West, Westlaw current with all legislation of the Second Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014). Hines was sentenced to concurrent, maximum terms of three years for battery and eight years for criminal confinement, for a total aggregate sentence of eight years.

Considering the nature of the offense, we note that Hines, a six-foot, fully-grown male, attacked Officer Bougher, a five-foot female, while incarcerated at the Miami Correctional Facility. Without warning, he lunged at the officer, hitting her in the ribs, and then he pinned her against the wall with the weight of his whole body. As to the character of the offender, Hines argues that his abusive childhood and mental-health issues should be considered mitigating factors in his sentencing. Although we recognize Hines's past of mental-health issues and self-reported history of physical and mental abuse as a child in the foster care system, we also note Hines's previous criminal record includes a conviction for rape. The present offenses also demonstrate his violent nature. Moreover, he continues to reoffend while incarcerated and was on probation at the time of his offenses.

The trial court concluded, "in weighing the two together I think that the prior criminal record and the type of offenses he's committed outweigh any mitigating factor." *Transcript* at 213. We agree with the trial court's analysis. Hines's sentence is not inappropriate.

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.