

FILED

08/22/2017, 10:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Patrick J. Smith
Bedford, Indiana

Trent Thompson
Salem, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Amanda Dill,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 22, 2017

Court of Appeals Case No.
59A01-1610-CR-2449

Appeal from the Orange Circuit
Court.
The Honorable Larry R. Blanton,
Presiding Judge.
Trial Court Cause No.
59C01-1503-F2-179

**Shepard, Senior Judge**

[1]     Indiana has a statute that bars charging a defendant in state court for the same conduct covered by a federal prosecution, even when the federal and state constitutional provisions on double jeopardy would permit doing so.

[2]     In this interlocutory appeal, we conclude that the trial court was correct in declining to dismiss the charges against appellant Amanda Dill, notwithstanding the entry of a conviction in federal court on related charges.

## Facts and Procedural History

[3]     At just past noon on March 3, 2015, state law enforcement officers executed a no-knock search warrant authorized by the judge of the Orange Circuit Court. While waiting for the warrant to be completed and authorized, and continuing to conduct surveillance, officers observed two people arrive in a white vehicle, enter the hotel room that was about to be searched, and then leave a short time later. Once the warrant was authorized, officers entered the hotel room, where they found Dill, her two children, and Dill's boyfriend Terry Brown.

[4]     Upon entering, officers observed Dill and her children sitting on the bed nearest the window. A table located next to the window and bed, and in proximity to Dill and the children, had a line of methamphetamine on it.

[5]     Both Dill and Brown were placed in handcuffs and read their *Miranda* rights. Officers seized fourteen grams of marijuana found in Brown's front pocket and immediately transported him to jail. After staff of the Indiana Department of Child Services arrived to take custody of the children, Dill was also transported to jail. A search of the room revealed methamphetamine and many items consistent with dealing meth. Dill admitted to officers that she had sold meth for $60 just prior to the execution of the warrant.

[6] The State charged Dill with one count of Level 2 felony dealing in methamphetamine,[1] one count of Level 6 felony maintaining a common nuisance,[2] and Class B misdemeanor possession of marijuana.[3]

[7] About a month later, federal authorities indicted Dill and thirteen co-defendants. Dill pleaded guilty to the conspiracy charge and received a sixty-month executed sentence followed by three years of supervised release. Dill then moved to dismiss the state court charges, contending that further prosecution would violate the statute on double jeopardy. The trial court heard argument and denied the motion.

## Discussion and Decision

[8] A defendant seeking to have charges dismissed bears the burden of proving by a preponderance of the evidence all facts necessary to support the motion to dismiss. *Swenson v. State*, 868 N.E.2d 540 (Ind. Ct. App. 2007). Dill, like other defendants whose motion has been denied, appeals from a negative judgment. We will reverse the trial court's ruling in that situation only if the evidence is without conflict and leads inescapably to the conclusion that the party was entitled to dismissal. *Id.*

---

[1] Ind. Code § 35-48-4-1.1 (2014).

[2] Ind. Code § 35-48-4-13(b)(2) (2014).

[3] Ind. Code § 35-48-4-11(a)(1) (2014).

[9] The constitutions of Indiana and of the United States both protect citizens against being placed twice in jeopardy for the same criminal offense. Still, as Indiana and the United States constitute "dual sovereigns," each of those two governments may prosecute a citizen for the same criminal act. *Haggard v. State*, 445 N.E.2d 969 (Ind. 1983) (citing *Abbate v. United States*, 359 U.S. 187, 79 S. Ct. 666, 3 L. Ed. 2d 729 (1959); *Bartkus v. Illinois*, 359 U.S. 121, 79 S. Ct. 676, 3 L. Ed. 2d 684 (1959), *reh'g denied* 360 U.S. 907, 79 S. Ct. 1283, 3 L. Ed. 2d 1258; *Wilson v. State*, 270 Ind. 67, 383 N.E.2d 304 (1978); *Heier v. State*, 191 Ind. 410, 133 N.E. 200 (1921)).

[10] Nevertheless, an Indiana statute bars certain state prosecutions that are in the nature of double jeopardy:

> In a case in which the alleged conduct constitutes an offense within the concurrent jurisdiction of Indiana and another jurisdiction, a former prosecution in any other jurisdiction is a bar to a subsequent prosecution for the same conduct in Indiana, if the former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.

Ind. Code § 35-41-4-5 (1977). Unlike the analysis used for double jeopardy challenges brought under the state and federal constitutions, a challenge brought under this statute requires examination of whether the charges brought in state and federal court involve the same conduct. *State v. Allen*, 646 N.E.2d 965 (Ind. Ct. App. 1995), *trans. denied*.

[11] Dill argues that the trial court misapplied the statute, by employing the statutory elements and actual evidence tests used in constitutional cases.

[12] The count of the federal indictment to which Dill pleaded guilty—Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine[4]—alleged as follows:

> Beginning on a date unknown to the Grand Jury, but at least as early as June 2014, and continuing up to and including the present, in the Southern District of Indiana and elsewhere, . . .[the thirteen others and] Amanda M. Dill, defendants, did knowingly conspire together and with diverse other persons, known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II, non-narcotic controlled substance;

Appellant's App. Vol. II, pp. 27-28.

[13] Because the alleged act was a conspiracy, the manner in which the conspiracy was carried out and the overt acts in furtherance of the conspiracy were also set forth in the charges. However, the plea agreement covering the charges alleged in Count I of the federal indictment included the following factual basis:

> Between June 2014 and March 3, 2015, [Dill] agreed with Amanda Sims, her co-defendant in this case, to obtain and distribute methamphetamine. On multiple occasions, [Dill] obtained methamphetamine from Sims on a fronted or partially fronted basis, meaning that [Dill] would pay Sims for the methamphetamine in full or in part after [Dill] had received and subsequently sold portions of the methamphetamine.

---

[4] 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii) (1988).

On multiple occasions, with one such incident occurring on or about February 8, 2015, [Dill] coordinated purchases of methamphetamine for other individuals from Sims.

In part to fund her own use, [Dill] would distribute methamphetamine to others in the Southern District of Indiana. [Dill] did so on multiple occasions, with one such incident occurring on or about February 12, 2015, when she sold approximately an eighth of an ounce of methamphetamine to another individual.

On March 3, 2015, law enforcement officers executed a search warrant that had been issued by the Orange County (Indiana) Circuit Court on a hotel room in French Lick, Indiana. [Dill] was present in the hotel room at the time of the search. Approximately 13.4 grams of methamphetamine was seized from that hotel room. Shortly before the execution of the search warrant, [Dill] had sold approximately half an ounce (approximately 14 grams) of methamphetamine to another individual from the hotel room.

Between June 2014 and March 3, 2015, [Dill] received and, subsequently distributed or consumed, more than 500 grams of a mixture or substance containing methamphetamine from Sims. At the time of her arrest on March 3, 2015, [Dill] owed Sims approximately $3,000 for methamphetamine Sims had previously provided to her.

Appellant's App. Vol. III, pp. 22-23, paragraphs 20 A-E.

[14] Dill urges that the reference to her activities at the hotel on March 3, 2015, precludes further prosecution at the state level.

[15] Our relatively few encounters with claims under the statute at issue provide general guidance about applying it.

[16]     In *Smith v. State*, 993 N.E.2d 1185 (Ind. Ct. App. 2013), *trans. denied,* a panel of this court considered whether there was a violation of the double jeopardy statute. Smith and his co-defendant faced federal charges for an overarching Ponzi scheme, defrauding some seventy-two investors from at least three states, including Indiana, through representations that Smith and his co-defendant were properly licensed day traders. The federal charges alleged conspiracy to commit mail and wire fraud, obstruction, and tax evasion.

[17]     On appeal from the denial of a motion to dismiss state court charges, a majority of the panel concluded that for some of the charges the conduct was not the same for purposes of statutory double jeopardy. In examining the allegations of the two prosecutions, Judge Kirsch wrote,

> [The state charges] allege that Smith knowingly transacted business as a broker-dealer without being registered as such with the Indiana Secretary of State, Securities Division, as required by law, and without being exempt from registration. In those counts the offense is failing to register as a broker-dealer as required by law before transacting business as such and does not involve the same conduct as the conduct forming the basis for Smith's federal conviction, i.e., devising and participating in the scheme to defraud investors.

*Id.* at 1190-91.

[18]     The decision in *State v. Allen*, 646 N.E.2d 965 (Ind. Ct. App. 1995), *trans. denied*, reflects this same approach, comparing the statutory charges brought and the evidence in support of the allegations. The panel agreed that the state and federal charges of conspiracy rested on the same sort of conduct, with the

federal indictment resting on acts covering a greater period than the state indictment. It held that this constituted the "same conduct" and held that dismissal of the state charges was required. In examining the nature of federal and state RICO charges, by contrast, the panel concluded that many of the underlying acts differed. It noted that both Congress and the General Assembly intended that racketeering be treated as a crime separate from the particular acts, and ordered dismissal of the state RICO count.

[19] The ruling in *Swenson*, 868 N.E.2d 540, employed a similar approach. Though the charges filed against Swenson in Kentucky for receiving stolen property were not identical to the charges filed in Indiana for theft, the State *acknowledged* the conduct set forth in both was the same—stealing prescription pads in Indiana and taking them to Kentucky—but the Attorney General had argued that Kentucky and Indiana were separate sovereigns and thus could both proceed. This would have been true as a constitutional matter, but the panel held that Indiana's double jeopardy statute mandated dismissal.

[20] Here, the federal charges to which Dill pleaded guilty were for her involvement in a *conspiracy* to possess and distribute methamphetamine. The record reflects the overt acts—one on February 8, 2015, and one on February 12, 2015—establishing her involvement and participation in the alleged conspiracy, lasting roughly nine months before culminating in her arrest on March 3, 2015, after the execution of the search warrant.

In contrast, the state charge alleged that on March 3, 2015, Dill did knowingly or intentionally possess with the intention to deliver methamphetamine, pure or adulterated, said methamphetamine having a weight of at least ten grams. Appellant's App. Vol. III, p. 6. We conclude that the criminal statutes invoked and the facts supporting each were sufficiently separate that two prosecutions did not constitute the "same conduct."

# Conclusion

In light of the foregoing, we affirm the trial court's decision.

Affirmed.

Najam, J., and Kirsch, J., concur.